**Richmond.**

CITY OF WINCHESTER V. REDMOND.

NOVEMBER 19, 1896.

1. MUNICIPAL CORPORATIONS—*Powers.*—A municipal corporation has no powers except those conferred upon it expressly or by fair implicacation by its charter, or the general laws of the State, and such other powers as are essential to the attainment and maintenance of its declared objects and purposes. It can do no act, make no contract, nor incur any liability that is not thus authorized. If it be even doubtful whether a given power has been conferred, the doubt must be resolved against the power.

2. MUNICIPAL CORPORATIONS—*Powers of City of Winchester—Rewards for Apprehending Criminals.*—The city of Winchester has no power, either under its charter or the general laws of the State, to offer a reward for the detection, apprehension, or conviction of offenders against the criminal laws of the State. The provision of section 9 of the charter authorizing the council " to do all such things as it may deem proper for the prosperity, quiet, and good order of the city " is to be confined, in its exercise, to the ordinary objects and purposes of municipal corporations, and not extended to matters which are common to the State, and affect its people at large. Municipal corporations are not created to execute the criminal laws of the State, but to regulate and administer the local and internal concerns of the people of the particular locality.

3. MUNICIPAL CORPORATIONS—*Limited Powers—Acts Ultra Vires.*—All persons contracting with a municipal corporation must, at their peril, inquire into the power of the corporation or its officers to make the contract. A contract beyond the scope of the corporate powers is void.

Argued at Staunton.    Decided at Richmond.

Error to a judgment of the Circuit Court of Frederick county, rendered January 8, 1896, in an action of assump-

sit wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

This was an action of assumpsit to recover a reward of $500 offered by the City Council of Winchester to secure the apprehension and conviction of incendiaries. The Council adopted a resolution in May, 1892, authorizing the mayor of the city to offer said reward, and a few weeks thereafter the mayor, over his official signature, published the following offer: "A standing reward of five hundred dollars is hereby offered for the apprehension and conviction of incendiaries." On April 19, 1893, the mayor published in one of the city papers of Winchester a card congratulating the fire department on its excellent work at a recent fire. This card was signed "By the Mayor," and it was proved by the mayor that he wrote and published the card. At the foot of the card the following note was appended: "The reward of $500 offered by the Council is still outstanding." The plaintiff claimed to have secured the apprehension and conviction of two incendiaries, and sued to recover the reward. The demurrer to the declaration admitted the facts therein stated. The following is a copy of the declaration:

" Virginia—Frederick County, to-wit:—

" 1st September Rules, 1894.

" In the Circuit Court of said County.

" T. H. Redmond complains of the city of Winchester of a plea of trespass on the case, on promises; for that whereas the defendant on the —— day of ———, 1892, offered that it would give the sum of five hundred dollars for the apprehension and conviction of incendiaries; and the plaintiff, knowing of said offer, undertook and succeeded in securing the apprehension and conviction of certain incendiaries

within the terms and meaning of the offer of the reward as aforesaid, and in consideration of the premises the defendant promised to pay the said sum of five hundred dollars to the plaintiff.

" Second Count: Also in the sum of five hundred dollars, for the price and value of work done by the plaintiff for the defendant at its request.

"And whereas the defendant afterwards, on said day and year, in consideration of the premises, respectively, promised to pay said several sums of money, respectively, to the plaintiff on request; yet it has disregarded said promise, and has not paid any of said moneys, or any part of them, to the plaintiff's damage $750.00 and thereupon he sues.

BARTON & BOYD,<br>
WILLIAM R. ALEXANDER, p. q."

*Robert M. Ward,* for the plaintiff in error.

*Barton & Boyd* and *William R. Alexander,* for the defendant in error.

RIELY, J., delivered the opinion of the court.

This case is before us upon a writ of error to a judgment of the Circuit Court of Frederick county rendered against the city of Winchester, for the amount of a reward offered by its Common Council for the apprehension and conviction of incendiaries.

The main and important question for our determination is, Did the Council have the *power* under the law to offer the reward, and bind the city for its payment?

A municipal corporation, as well as other corporations, is, in this country at least, the creature of the legislative power of the State, and its charter is its constitution and fundamental law.  Upon the provisions of its charter and

such other statutes of the State as are applicable to cities and towns depend the powers that are conferred upon the corporation, and that may be exercised by its Council, which is its legislative body.

It possesses no powers except those conferred upon it, expressly or by fair implication, by the law which created it and other statutes applicable to it, and such other powers as are essential to the attainment and maintenance of its declared objects and purposes. It can do no act, nor make any contract, nor incur any liability, that is not thus authorized. These principles lie at the foundation of the law of municipal corporations, and are the guides in the construction and adjudication of their powers.

" It is a general and undisputed proposition of law," says a distinguished jurist and eminent commentator in his excellent treatise on this subject, " that a municipal corporation possesses and can exercise the following powers, and no others: First, those granted in express words; Second, those necessarily or fairly implied in or incident to the powers expressly granted; Third, those essential to the declared objects and purposes of the corporation, not simply convenient, but indispensable. Any fair, reasonable doubt concerning the existence of power is resolved by the courts against the corporation, and the power is denied." 1 Dillon on Mun. Corp. (3rd ed.), sec. 89.

The city of Winchester is a municipal corporation, chartered by the Legislature of the State. An inspection of its charter discloses that no express power was given to the corporation to offer a reward for the detection, apprehension, or conviction of offenders against the criminal laws of the State. Nor does any statute of the State confer upon municipal corporations such authority.

But it is claimed that the exercise of such power is authorized by section 9 of the charter of the city, which, after conferring upon the Council a number of particular powers, au-

thorizes it " to do all such things as it may deem proper for
the prosperity, quiet, and good order of the city." This lan-
guage, though very broad, is yet not without its proper lim-
itation. It is to be construed with reference to the object
contemplated by the State in the grant of the charter, and
the extent of the power it confers is to be measured and lim-
ited by the purposes for which the corporation was created.

A municipal corporation is a local and subordinate gov-
ernment, created by the sovereign authority of the State, pri-
marily to regulate and administer the local and internal af-
fairs of the city or town incorporated, in contradistinction
to those matters which are common to and concern the peo-
ple at large of the State. And it is only in regard to the
local and internal affairs of the city or town that its Council,
unless expressly authorized, has the right to legislate. To
this end, specific powers are usually given in express words,
and when a general and indefinite power, as the one under
consideration, is superadded, it is to be confined in its exer-
cise to the ordinary objects and purposes of municipal cor-
porations, and not to be construed to comprehend a matter
which is common to the State and affects its people at large.
The line of distinction may not always be perfectly clear.
Cases doubtless do sometimes arise, when it is not readily
perceived whether the power exercised by the Council of a
city or town is implied in the powers expressly given or is
necessary to the accomplishment of the objects and purposes
of the corporation, or whether it is wholly a State power, and
only to be exercised by its Legislature; but, as respects the
particular case before us, there is no such difficulty. Here,
the line of distinction is clearly and broadly marked.

Crime is an offence against the State, and not against the
city, town, or county in which it may be committed, as dis-
tinguished from the rest of the State. The offence is against
the sovereign authority, and not against the individual or
particular community. All the people of the State are con-

cerned in the punishment and suppression of crime. And the State, whose prerogative it is to punish crime, has made adequate provision for the vindication of the public justice. When a crime has been committed, it is her law, and not that of the corporation, that is broken. She has prescribed penalties for the various species of crime, and enacted laws for the arrest, trial, and punishment of criminals. They are arrested by her officers, and tried by her judiciary under her laws.

The State constantly makes use of officers of the corporation in the discharge of its governmental functions, and requires them to perform, within the corporate limits, duties not strictly or properly local or municipal in their nature. In the performance of such duties, they exercise State powers, and are in that respect State officers. As was said by Judge Staples in *Burch* v. *Hardwicke*, 30 Gratt. 24, 34: " When the mob rages in the streets, when the incendiary and assassin are at work, they do not offend against the city, but against the State. When they are detected and arrested, it is by the chief of police and his subordinates, under the authority of the State laws, and as an officer of the State; and when they are tried and convicted, it is by officers representing the State and her sovereign power."

Municipal corporations are chartered, as we have seen, to regulate and administer the local and internal concerns of the people of the particular locality which is incorporated. They are not created to execute the criminal laws of the State. That is a matter for which the State has made ample provision by general statutes, and with which the corporation as such has nothing to do, unless expressly authorized by its charter or by statute.

Hence the offer of a reward for the apprehension and conviction of an offender against the criminal law of the State is the exercise of a State power, and is foreign to the objects and purposes of a municipal corporation. It is not an or-

dinary corporate power, nor incident to it. Such power was not expressly conferred upon the Common Council of the city of Winchester; nor is it comprehended by the "general welfare" clause of its charter, heretofore quoted.

When a crime has been committed, and there is reason to fear that the person charged therewith cannot be arrested in the common course of proceeding, or when an offence has been committed, but the person guilty thereof is unknown, the Legislature has conferred upon the Executive of the State the authority to offer a reward for apprehending and securing, or for the detection and conviction of, such person, as the case may be. Code of Va., sec. 4197. This is as far as the Legislature has deemed it wise or expedient to confer such authority. It might sometimes be convenient and expedient for municipalities and the authorities of a county to possess such power, but it is a power that would be liable to great abuse. However, with its convenience or expediency we have nothing to do. That is a matter solely for the consideration of the Legislature. Our duty is confined to the interpretation of the charter of the city and the statutes which confer any powers upon it, and their adjudication. If the power has not been expressly granted, or is not necessarily implied, it does not exist. If it be even doubtful, the doubt must be resolved against the existence of the power.

The Legislature has not expressly given such authority to the city of Winchester. It is not necessarily or fairly implied in any express power granted to it. And its possession is not indispensable to the performance of its corporate duties, or the accomplishment of the purposes of its incorporation. Consequently, the offer of the reward by its Common Council for the apprehension and conviction of incendiaries was beyond its power. It was an act *ultra vires*, and void.

The decisions upon this question have not been uniform. It has been held by some courts (*Crawshaw* v. *Roxbury*, 7 Gray 374, and *York* v. *Forscht*, 23 Pa. St. 391) that municipal

corporations possess the authority to offer rewards for the apprehension and conviction of offenders against the criminal law, but the existence of the power has been oftener, and we think correctly, denied by courts of equal dignity and respectability. *Crofut* v. *City of Danbury*, 65 Conn. 294; *Hanger* v. *City of Des Moines*, 52 Iowa 193; *Abel* v. *Pembroke*, 61 N. H. 359; *Gale* v. *So. Berwick*, 51 Me. 174; *Butler* v. *City of Milwaukee*, 15 Wis. 493; *Patton* v. *Stephens*, 14 Bush. 324; *Murphy* v. *City of Jacksonville*, 18 Fla. 318; and *Baker* v. *City of Washington*, 7 D. C. 134.

The reward claimed by the defendant in error, being a contract in excess of the powers of the Council of the city of Winchester, constituted no ground of action against the city, and it was not liable for its payment. " The general principle of law is settled beyond controversy," says Judge Dillon, "that the agents, officers, or even city council of a municipal corporation, cannot bind the corporation by any contract which is beyond the scope of its powers  *  *  *  *  *." And, again: " It is a general and fundamental principle of law that' all persons contracting with a municipal corporation must *at their peril inquire into the power* of the corporation or of its officers to make the contract; and a contract beyond the scope of the corporate power is void, although it be under the seal of the corporation." 1 Dillon on Mun. Corp. (3rd ed.), secs. 457 and 447. See also *Bunch's Ex'or* v. *Fluvanna Co.*, 86 Va. 457.

The demurrer to the declaration should have been sustained, and the suit dismissed.

This being our conclusion, any consideration of the other interesting questions raised and discussed by counsel is rendered unnecessary.

For the reasons given in this opinion, the judgment of the Circuit Court must be reversed.

*Reversed.*