# 𝕽𝕚𝕔𝕳𝕞𝕠𝕟𝕕

## J. G. REPASS AND OTHERS V. THE TOWN OF RICHLANDS, A MUNICIPAL CORPORATION, ETC.

January 17, 1935.

Present, Campbell, C. J., and Holt, Hudgins, Browning and Chinn, JJ.

The opinion states the case.

*John R. Boggess* and *S. M. B. Coulling,* for the plaintiffs in error.

*R. O. Crockett,* for the defendant in error.

BROWNING, J., delivered the opinion of the court.

The facts in this case, briefly stated are as follows: The appellants, on the 4th day of September, 1933, obtained from the commissioner of revenue for Tazewell county, licenses to sell by retail beer and other beverages under the Act of the Virginia Legislature approved August 29, 1933 (Acts 1933, Ex. Sess., chapter 3). On the same date a license was issued to the Richland Pharmacy. The licensees began operating under their licenses, at their several places of business within the town of Richlands, and within 300 feet of the public school in said town, where some 700 or 800 students were assembled each school day. On the 8th day of September, 1933, the town passed an emergency ordinance, to be enforced from its passage, inhibiting the sale of beer or other beverages, authorized to be sold by said act, within 300 feet of any public school in said town.

The town was proceeding to enforce its ordinance against the licensees, when on September 23, 1933, they gave notice that they would apply to the Circuit Court of Tazewell county, to set aside and annul the section of the ordinance referred to, and to restrain the town from proceeding against them under the ordinance.

The licensees paid the required excise fees both State and Federal. They take the position that this was all they were required to do, in order to exercise their rights under their licenses, and by virtue of the fact that they had brought themselves under the provisions of the State statute; that the town's said ordinance is in conflict with the statute and

is therefore invalid. This is the single question with which we have to do.

The town urges that under its charter provisions and the general law that it is authorized to pass and adopt any reasonable measure coming within the significance of general police protection; that the terms of the statute referred to, in nowise abridge or infringe upon this power.

Section 7 of the act prescribes the prerequisites to obtaining a license. With these the licensees complied. The statute contains no restrictions as to the location of the places of business of the licensees other than they shall be within the jurisdiction of the court before which the preliminary statement was required to be filed and the license must designate the place where the business of the licensee will be carried on.

Section 9 of the act provides: "The council or other governing body of each city and town in this State is hereby authorized to provide by ordinance for the issuance of county, city and town licenses, and to charge and collect license taxes therefor, to persons to manufacture, bottle and sell, within said county, city, or town, beverages."

The license taxes which may be charged in counties, cities and towns are prescribed by the act and the city or town may require a separate license for each place of business and no city or town shall issue a local license to any person who shall not have a State license.

There is no prohibition or inhibition in the act interfering with its rights under its police powers.

The very fact that the act provides for the local license is, it seems to us, a recognition of the rights and powers which a municipal entity may legally possess. We see no conflict between the act and the ordinance but they run along agreeably together. The act simply provides for the local license without purporting to suggest the conditions of its issuance.

The provisions of the charter of the town of Richlands, Acts 1891-92, chapter 94, pages 164, 168, section 12, authorizes its council to—" * * * appoint police and prescribe

their duties and compensation and to make, pass and ordain such rules, regulations and by-laws, as they may deem necessary and proper for the internal and general good, safety, health and convenience of the said town and inhabitants thereof, and for enforcing the provisions of this charter."

Section 3033 of the Virginia Code gives to the council of any city and town power to "preserve peace and good order therein."

So we see that the town is clothed with complete and ample authority to govern itself, in local matters, to the end that the general good may be preserved and kept, as far as may be, inviolate. It is difficult to conceive that a legislating body would enact otherwise.

Section 13 of the act of 1933, Ex. Sess., chapter 3, contains this provision: "No person licensed as a retailer under this act shall sell, or serve any beverages to any person under eighteen years of age." This, in a sense, is a declaration that the sale of the beverages named is a proper subject for police regulation. We see nothing unreasonable in prohibiting such sale within 300 feet of a public school. We think it is a proper and healthful exercise of the police power.

The case of *Wood* v. *City of Richmond,* 148 Va. 400, 405, 138 S. E. 560, 562, quotes from the earlier case of *Elsner Bros.* v. *Hawkins,* 113 Va. 50, 73 S. E. 480, Ann. Cas. 1913D, 1278, where it was said:

"The rule is generally recognized that municipal corporations are *prima facie* sole judges respecting the necessity and reasonableness of their ordinances. Every intendment is made in favor of the lawfulness of the exercise of municipal power making regulations to promote the public health and safety, and it is not the province of the courts, except in clear cases, to interfere with the exercise of the powers vested in municipalities for the promotion of the public safety."

See also *Hopkins* v. *Richmond,* 117 Va. 692, 710, 86 S. E. 139, Ann. Cas. 1917D, 1114, and cases there cited; *Martin* v. *City of Danville,* 148 Va. 247, 138 S. E. 629.

As to the reasonableness of the ordinance under review see *City of Roanoke* v. *Fisher,* 137 Va. 75, 119 S. E. 259, and a long list of cited cases.

The case of *Gorieb* v. *Fox,* 145 Va. 554, 134 S. E. 914, is illuminating as to the police power of towns to restrict property rights in the interest of the general welfare.

The licensees rely much upon the cases, *City of Roanoke* v. *Land,* 137 Va. 89, 119 S. E. 59, 60, and *Carlton* v. *Boudar,* 118 Va. 521, 88 S. E. 174, 178, 4 A. L. R. 1480. Neither of these cases bear close analogy to the case under review and are not compelling authority for the purpose for which they are cited.

In the case first referred to there was under consideration section 79 of the Tax Bill (Code 1919, page 3133; section 191 of the Tax Code of Virginia), which provided for the granting of a license to any citizen of the United States to carry on or conduct the business of a pawnbroker in this city. The city of Roanoke adopted an ordinance limiting the number of pawnbrokers in that city to three. The hustings court held the ordinance to be invalid. The city then sought to overcome the invalidity of its ordinance by the incorporation of other conditions, which need not be mentioned, but retaining the numerical limitations. The ordinance was again annulled by the same court and upon appeal this court sustained the ruling of the trial court, saying, of that case: "It is not a case as to which the State has specifically legislated merely on the subject of the granting of a State license, and has given to the municipality the authority to legislate on the subject of granting or refusing a municipal license to conduct the business within its territorial limits. Under the aforesaid statute only one license is to be granted, and that license entitles the recipient of it to conduct the business in the municipality at the place specified in the license."

It will be observed that in that case there was provided by the statute one license which was an issuance of the State. In this case the statute provides for two licenses to

be issued by two different political entities. We think that the case is authority for our holding here, already discerned.

The case of *Carlton* v. *Boudar, supra,* involved a damage suit, in which negligence was alleged against one of the litigants for his failure to have his automobile equipped with lights required by the city ordinance. The defense was that the car was equipped with the lights required by the State statute. Question arose on the propriety of an instruction on the subject. The instruction was rejected because of vices inhering in it other than the point we are discussing.

This court approved the rejection of the instruction on the other grounds but said in its opinion:

"Where, in the course of litigation, a conflict arises between the ordinance of a city and the statute law of the State, the latter prevails and the former must yield, and we apprehend that the trial court would not have hesitated so to rule."

In this case we perceive no conflict between the terms of the act and those of the ordinance, as reflecting the authority of the town of Richlands under its police powers. We affirm the decree of the trial court.

*Affirmed.*