**City of Greenville, Appellant, v. John H. Nowlan, Appellee.**

282

Opinion filed June 8, 1935. Rehearing denied September 5, 1935.

STANFORD S. MEYER, of Greenville, for appellant.

CHAS. E. DAVIDSON, of Greenville, for appellee.

MR. JUSTICE STONE delivered the opinion of the court.

This is an appeal from a judgment of the county court of Bond county quashing a complaint and warrant against appellee for violation of section 330 of Article 2 of Chapter 13 of the Revised Ordinances of the City of Greenville—said section having to do with

unmuzzled dogs running at large. Sections 329 and 330 of said ordinances read as follows:

"Dogs Running at Large To Be Destroyed—Danger of Hydrophobia—Whenever the Mayor shall determine that danger from hydrophobia exists with said City, he shall by proclamation or notice published in one or more newspapers of the City, notify and require all persons owning or keeping dogs to confine the same or securely muzzle them, with good and sufficient muzzles, for such time as may be designated in the proclamation, or until otherwise ordered by the City Council."

"Dogs Running at Large To Be Destroyed—Penalty to Keeper or Owner—All unmuzzled dogs found running at large in said City during the time designated in such proclamation or notice, whether owned or kept within or without the City, shall be destroyed by the City Marshal, or any person employed by him for such purpose, or by any policeman; and the owner or keeper of any dog who shall permit the same to run at large unmuzzled, during the time designated in such proclamation or notice shall be subject to a penalty of not less than Five Dollars nor more than Twenty-five Dollars."

In pursuance of those sections the Mayor of the City of Greenville, on July 10, 1934, caused to be published in the Greenville Advocate, a newspaper of general circulation in the City of Greenville, a notice which is in words and figures as follows:

"NOTICE TO DOG OWNERS

"Owing to the danger of rabies during the hot weather, all dogs running at large will be caught and destroyed. All dog owners are ordered to keep their pets muzzled or confined. This order is effective at once.

"LEE LOYD, Mayor."

On July 17, 1934, a complaint and warrant was issued out of a justice court for the arrest of appellee, John

H. Nowlan for the violation of the foregoing ordinance in allowing his dog to run at large unmuzzled. After numerous preliminaries, a trial was had resulting in a verdict of guilty and a fine of $5 and costs assessed against appellee. A form of judgment with which neither party seemed to be satisfied was entered upon this verdict. Appellee appealed therefrom to the county court of Bond county. In the justice court appellee made a motion to quash said complaint and warrant after he had entered his plea of not guilty. This motion was overruled and renewed in the county court. It attacks the validity of the ordinance and the notice of the mayor in pursuance thereof. Appellant moved to dismiss the appeal in the county court on the ground that there was no judgment in the justice court from which appellee could appeal.

We are somewhat at loss to understand how appellant expected to collect its judgment if the judgment is such an one as may not be appealed from. Before appellant could collect the fine it would have to have a final judgment therefor and such final judgment would be appealable.

Complaint is made that appellee entered his motion to quash in the county court without first withdrawing his plea of not guilty. The trial in the county court was *de novo* and the appellee had a right to enter any motion there or even plead guilty if he desired without regard to what happened in the justice court. The motion he did make went to the jurisdiction of the court and that question may be raised at any time.

It is claimed by appellant that the court had no authority to declare the ordinance in question void because said ordinance had not been introduced in evidence. Apparently the parties have overlooked the Act of 1929, which declares that courts shall take judicial notice of all such ordinances as are here involved. Cahill's St. ch. 51, ¶ 57 (ch. 51, sec. 48a, p. 2, Smith-

Hurd's Revised Statutes). At any rate courts always have authority to determine whether a valid complaint and warrant exist.

This brings us to the question of the validity of that part of section 330 upon which the case is based. Appellee was fined for violation of the following:

"And the owner or keeper of any dog who shall permit the same to run at large unmuzzled during the time designated in such proclamation or notice shall be subject to a penalty of not less than Five Dollars nor more than Twenty-five Dollars."

This part of the section in question is perfectly valid and is easily separable from that part of the section with reference to shooting dogs running at large unmuzzled. Because a part of a law is invalid it does not follow that all parts thereof are invalid unless the provisions are so connected as to depend upon each other. "The valid and invalid provisions may even be contained in the same sentence and yet be perfectly distinct and separable so that the former may stand though the latter fall. If, when the unconstitutional portion is stricken out, that which remains is complete in itself and capable of being executed wholly independently of that which is rejected, it must be sustained." *Weksler v. Collins,* 317 Ill. 132, 146; *People v. Long,* 297 Ill. 194; *Shellabarger Elevator Co. v. Illinois Cent. R. Co.,* 298 Ill. 333; *People v. O'Brien,* 273 Ill. 485; *People v. Knopf,* 183 Ill. 410.

That part of the motion to quash which is addressed to the unconstitutionality of sec. 330, therefore, is not well taken. There is, however, a serious defect in this proceeding. The notice given by the mayor is vague and indefinite. The ordinance which provides for such notice provides that the mayor shall by proclamation notify and require all persons keeping dogs to confine or muzzle them for such time as may be designated in the proclamation or until otherwise ordered by the city

council. The notice in question places neither limitation. It merely states that "all dog owners are ordered to keep their pets muzzled or confined." We are unable to tell from this notice whether appellee's dog ran at large during the duration of the time covered by the notice. The notice fixes no time. It may be for a day or it may be perpetual. On its face it appears as a permanent policy. Such notice would be beyond the power of the mayor lawfully to make. A notice prescribed by section 329 was a condition precedent to enforcing section 330. As the notice was insufficient for the reasons indicated, appellant had no authority to proceed against appellee as it did.

The complaint and warrant were properly quashed by the trial court and its judgment in that regard is affirmed.

*Judgment affirmed.*