# Richmond

## Marcus R. King v. County of Arlington.

May 3, 1954.

Record No. 4206.

Present, Eggleston, Spratley, Miller, Smith and Whittle, JJ.

The opinion states the case.

*Betty A. Thompson* and *Walter J. Newlon,* for the plaintiff in error.

*William J. Hassan, Peter J. Kostik* and *David L. Carpenter,* for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

Marcus R. King, hereinafter referred to as the defendant, was convicted in the County Court of Arlington county under a warrant which charged that he "did, on the 18th day of Oct., 1951, in said County knowingly keep on his premises a vicious dog which evidenced on Sept. 26, 1951, a disposition to attack human beings by attacking Ann Marie Wynne, six years old, in violation of a County ordinance." He appealed to the Circuit Court of Arlington county where he filed a demurrer, alleging in substance that section 7 of the county ordinance under which the warrant was issued was unconstitutional and void in that, (1) the county board had no power to adopt such section, and (2) such section was inconsistent with and contrary to the Constitution and general laws of the State of Virginia and the Constitution of the United States.

The demurrer was overruled but the defendant elected to stand thereon and admitted the allegations of the warrant. Whereupon the trial court found him guilty as charged and imposed a fine. We granted a writ to review that judgment.

The section of the ordinance under which the warrant of arrest was issued reads thus: "7. *Vicious dogs*—It shall be unlawful for any person to keep within the County of Arlington any dog which is known to be vicious or which has evidenced a disposition to attack human beings. Any person who shall violate this paragraph shall, upon conviction, be fined not more than $100.00, and each day's keeping of such dog shall constitute a separate offense. Upon conviction of

any person for a violation of this section, such dog shall be turned over to the game warden or other officer to be destroyed."

In a memorandum opinion overruling the demurrer the trial court held that the first two sentences of the section, prohibiting the keeping within the county of a dog "known to be vicious or which has evidenced a disposition to attack human beings," and imposing a fine for so doing, were within the county's police power, were not inconsistent with the state law, and were therefore valid, but that the last sentence of the section providing for the destruction of such dog was inconsistent with the state law and invalid. Accordingly, the judgment did not direct that the dog be turned over to the game warden or other officer to be destroyed, as provided in that section of the ordinance.

On this appeal the defendant attacks the validity of the section on these grounds:

(1) Prohibiting the keeping of a vicious dog on an owner's premises is not a valid exercise of the county's police power.

(2) In enacting the "Dog Laws,"[1] embraced in Code, §§ 29-183 through 29-213, the State has exercised its police power with respect to the subject, "has occupied the entire field of regulation and control" of dogs, and withheld from all local governing bodies the power and authority to enact such a section.

(3) Granting that the county has the power to legislate on the subject, the section is nevertheless void because it is "inconsistent with the state law."

(4) The third sentence of the section providing for the destruction of the dog, which the trial court held was invalid, is not severable, but "so permeates the whole" as to vitiate the entire section.

 We do not agree with the contention of the defendant that the prohibition against keeping a dog "which

---

[1] Acts 1930, ch. 247, p. 656 ff., as amended.

is known to be vicious or which has evidenced a disposition to attack human beings" is not a valid exercise of the county's police power.

We take judicial notice of the fact that Arlington county is a thickly settled urban community with a population of 135,449 according to the 1950 United States census. *Shelton v. Sydnor*, 126 Va. 625, 638, 102 S. E. 83; *Kirkpatrick v. Board of Sup'rs. of Arlington Co.*, 146 Va. 113, 123-4, 136 S. E. 186.

It is well settled that the regulation of dogs is within the police power of the State and may be delegated to municipalities. 2 Am. Jur., Animals, §§ 31, 32, p. 719. "The power to regulate is not limited to dogs running at large, but extends to the keeping of dogs." *Id.*, § 31, p. 719. "The keeping of dogs in thickly settled municipalities is subject to rigid police regulations, without much regard to rights of the owners in such animals as property." *Id.*, § 32, p. 719. See also, McQuillin on Municipal Corporations, 3d Ed., Vol. 7, § 24.284, pp. 134-136.

Code, § 15-8(5), empowers the governing bodies of counties "To adopt such measures as they may deem expedient to secure and promote the health, safety and general welfare of the inhabitants of their respective counties, not inconsistent with the general laws of this State."

Clearly, we think, the prohibition against keeping a dog "which is known to be vicious or which has evidenced a disposition to attack human beings," is within this grant of police power. Hence, the section of the ordinance must be upheld unless it is invalid for some other reason.

But the defendant says that in enacting the "Dog Laws" (Code, §§ 29-183 to 29-213, both inclusive), the State has exercised its police power with respect to the regulation of dogs throughout the State, has thus occupied the "entire field," and that for this reason also the county board had no power to enact section 7 of the ordinance. His argument runs thus: The "Dog Laws" are complete and comprehensive and cover fully the regulation and control of

dogs throughout the State; under their terms every owner of a dog over a specified age is required to obtain a state license therefor and pay only to the State a license tax for such animal; licensed dogs are deemed personal property; unlicensed dogs, mad dogs, and those addicted to killing livestock or poultry may be destroyed in the manner therein provided; while there are specific provisions authorizing the governing bodies of localities to "prohibit dogs from running at large," to adopt ordinances for protection against mad dogs, and to prevent the "running at large of vicious dogs," there is no specific authorization for the enactment of a local ordinance prohibiting the keeping of a vicious dog on the owner's premises; hence, by necessary implication the legislature has withheld or withdrawn such power from the local governing bodies.

To what extent a local governing body may regulate or control a subject which the State has undertaken to regulate or control is a matter upon which there is a diversity of judicial opinion. See 37 Am. Jur., Municipal Corporations, § 166, p. 791 ff; McQuillin on Municipal Corporations, 3d Ed., Vol. 6, § 23.04, p. 384 ff.

The mere fact that the State, in the exercise of its police power, has made certain regulations with respect to a subject does not prohibit a local legislature from dealing with the subject. Both the State and its local governmental agency may have concurrent jurisdiction over the same subject matter relating to local affairs. 62 C. J. S., Municipal Corporations, § 143, p. 286; 37 Am. Jur., Municipal Corporations, § 165, p. 790.

In *Shaw* v. *City of Norfolk*, 167 Va. 346, 349, 189 S. E. 335, 336, we quoted with approval the statement in McQuillin on Municipal Corporations, 2d Ed., Vol. 3, § 923, p. 36, that "whether the city may exercise control of state offenses must be determined by the legislative intent. And such intent must also decide the manner in which the power is to be exercised, and whether such control is to be exclusive or whether it is to be exercised concurrently with

that of the state." See also, *City of Lynchburg* v. *Dominion Theatres*, 175 Va. 35, 40, 7 S. E. (2d) 157, 159, 126 A. L. R. 1358.

While it is true that the "Dog laws" are comprehensive and provide for the exclusive licensing and taxing of dogs by the State, and for their regulation in many particulars, we do not agree that their purpose and effect were to withhold from the localities the entire field of regulation. The regulations embodied in these state laws are broad in their scope and relate to matters of state-wide concern. Obviously, situations may occur in urban or thickly populated communities which may permit and indeed require further local legislation not inconsistent with the provisions in the state law. Keeping a kennel of dogs, permitted under Code, § 29-192, or allowing foxhounds to run at large, under Code, § 29-212, may be entirely reasonable in a rural area and yet might constitute a nuisance in a city or urban community.

No one would seriously contend that a municipality, in the exercise of its police power, could not prohibit the holding of a field trial, permitted under Code, § 29-210, in the business district of the city.

In *State* v. *Mueller*, 220 Wis. 435, 265 N. W. 103, it was held that a state statute requiring the licensing of dogs did not invalidate a city ordinance which prohibited the keeping of more than two dogs over the age of three months within a residential area of the municipality.

Similarly, in *Repass* v. *Town of Richlands*, 163 Va. 1112, 178 S. E. 3, we held that the fact that one had been granted a license under a state statute to sell 3.2 beer in the town of Richlands did not deprive the town of the power to prohibit by ordinance the sale of such beverage within 300 feet of a public school.

We are of opinion that the fact that dogs are licensed and regulated to a certain extent under the state laws does not prevent a local governing body from enacting an ordinance, not inconsistent with the state law, prohibiting the

keeping within a county of a dog which may endanger the lives of its citizens.

The state law prohibits the keeping of a dog addicted to attacking livestock or poultry (Code, § 29-197), but not one which is addicted to attacking human beings. To follow the argument of the defendant is to say that the State, by the enactment of the "Dog Laws," has deprived the localities of the power to protect its citizens against a vicious dog, and thus placed the safety of livestock and poultry above that of its citizens.

 Closely akin to the argument of the defendant that the state legislation has pre-empted the field of dog regulation is the further contention that the section of the ordinance is in conflict with the state law and therefore void.

It is, of course, fundamental that local ordinances must conform to and not be in conflict with the public policy of the State as embodied in its statutes. McQuillin on Municipal Corporations, 3d Ed., Vol. 6, § 23.07, p. 392 ff; 37 Am. Jur., Municipal Corporations, § 165, p. 787 ff. Indeed, that principle is embodied in our statutes which require that local ordinances must "not be inconsistent with" the state law. Code, §§ 1-13(17), as amended by Acts 1950, ch. 18, p. 22, 1952 Cum. Supp., § 1-13.17; 15-8(5); *Allen* v. *City of Norfolk*, 195 Va. 844, 80 S. E. (2d) 605.

But, "The mere fact that the state, in the exercise of the police power, has made certain regulations does not prohibit a municipality from exacting additional requirements. So long as there is no conflict between the two, and the requirements of the municipal bylaw are not in themselves pernicious, as being unreasonable or discriminatory, both will stand. The fact that an ordinance enlarges upon the provisions of a statute by requiring more than the statute requires creates no conflict therewith, unless the statute limits the requirement for all cases to its own prescription. Thus, where both an ordinance and a statute are prohibitory and the only difference between them is that the ordinance goes

further in its prohibition, but not counter to the prohibition under the statute, and the municipality does not attempt to authorize by the ordinance what the legislature has forbidden or forbid what the legislature has expressly licensed, authorized, or required, there is nothing contradictory between the provisions of the statute and the ordinance because of which they cannot coexist and be effective. Unless legislative provisions are contradictory in the sense that they cannot coexist, they are not deemed inconsistent because of mere lack of uniformity in detail." 37 Am. Jur., Municipal Corporations, § 165, p. 790. See also, McQuillin on Municipal Corporations, 3d Ed., Vol. 6, § 23.07, p. 392 ff.

If both the statute and the ordinance can stand together and be given effect, it is the duty of the courts to harmonize them and not nullify the ordinance. McQuillin on Municipal Corporations, 3d Ed., Vol. 6, § 21.35, p. 249 ff.

The argument of the defendant that the ordinance is inconsistent with the provisions of the state "Dog Laws" is two-fold. First, he says that while the state law prohibits an owner from keeping a dog which is unlicensed, afflicted with rabies, or addicted to the killing of livestock or poultry, it does not prohibit the keeping of a dog "which is known to be vicious or which has evidenced a disposition to attack human beings," and hence the county may not prohibit his doing so. But it is well settled that a local legislative body, in the exercise of its police power, may forbid the doing of an act where state legislation is silent on the subject. "If either is silent where the other speaks, there can be no conflict between them." 62 C. J. S., Municipal Corporations, § 143(3), p. 291, and cases there cited. See also, McQuillin on Municipal Corporations, 3d Ed., Vol. 6, § 21.35, p. 251.

Next, the defendant says that since he has obtained a state license for this dog, and it has none of the characteristics or afflictions which require its destruction under the provisions of the state law, the effect of such license is to

permit him to keep the dog on his premises, or elsewhere in the county, and the county ordinance may not forbid his doing so. We do not agree. The statute in terms prohibits the owning of an unlicensed dog "in this State" (Code, § 29-184), but it does not expressly provide that a licensed dog, regardless of its vicious or dangerous nature, may be kept on the owner's premises or elsewhere. There are, as we well know, many lawful restrictions on the use of legally acquired property. Since the statute is silent on the subject, we think it is clearly within the police power of the locality to supplement the statute and prohibit the keeping of a vicious dog which may be a nuisance and endanger the lives or safety of its citizens. For, as is noted in Mc-Quillin on Municipal Corporations, Vol. 7, § 24.284, p. 135, "Such a dog is a nuisance of the worst sort."

The final contention of the defendant is that the third sentence of the section providing for the destruction of the dog, which the trial court held to be in conflict with the state statute and therefore invalid, is not severable but vitiates the entire section.

The county does not challenge the correctness of the ruling of the trial court that the provision in the ordinance requiring the destruction of the dog is invalid. Hence, that matter is not before us and we express no opinion thereon. The only question presented to us is whether the invalidity of that portion of the ordinance, assuming it to be invalid, vitiates the entire section.

Section 12 of the ordinance provides: *"Separability of Provisions.*—It is the intention of the County Board that each separate provision of this ordinance shall be deemed independent of all other provisions herein, and it is further the intention of the County Board that if any provision of this ordinance be declared invalid, all other provisions thereof remain valid and enforceable."

The effect of such provision is to create the presumption that the ordinance is severable and that the valid portion

may stand even though a portion is invalid. *Hannabass* v. *Maryland Casualty Co.*, 169 Va. 559, 571, 194 S. E. 808, 813; *Carter* v. *Carter Coal Co.*, 298 U. S. 238, 312, 56 S. Ct. 855, 873, 80 L. ed. 1160.

"The rule is that an act may be valid in one part, and invalid in another, and if the invalid is severable from the remainder, that invalid part may be ignored, if after such elimination the remaining portions are sufficient to accomplish their purpose in accordance with the legislative intent. Only if the void portion is the inducement to the passage of the act, or is so interwoven in its texture as to prevent the statute from becoming operative in accordance with the will of the legislature, is the whole statute invalid. Thus, when a part of an act is invalid but the remainder reflects the legislative intent and is complete in itself, then the remainder will be upheld." 17 Mich. Jur., Statutes, § 28, p. 270. See also, *Strawberry Hill Land Corp.* v. *Starbuck*, 124 Va. 71, 77, 97 S. E. 362; *New* v. *Atlantic Greyhound Corp.*, 186 Va. 726, 737, 43 S. E. (2d) 872, 877.

We agree with the trial court that an examination of section 7, in the light of these principles, shows that the last sentence is severable and does not vitiate the whole section. The first sentence of the section prohibits the act, and the second fixes the punishment by the imposition of a fine upon conviction of its violation. The third sentence merely fixes an additional penalty for the violation of this section by requiring that upon conviction of the offense the dog shall be destroyed in the manner therein provided. The elimination of the last sentence in no manner affects the operation and effect of the first two. Without it the ordinance is complete and effective. The prohibition against the unlawful act remains and a complete punishment by way of a fine for conviction likewise remains.

In the strikingly similar case of *City of Greenville* v. *Nowlan*, 281 Ill. App. 281, it was held that the provision of a city ordinance imposing a fine on the owner of a dog

for permitting it to go unmuzzled was valid and separable from that portion of the ordinance authorizing the shooting of such dog and held to be invalid.

On the whole we find no error in the judgment complained of and it is

*Affirmed.*

MILLER, J., dissenting.