## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Mayfair Investment Properties

v.

City of Alexandria

May 7, 1984

Case No. (Law) 8698

## By JUDGE ALBERT H. GRENADIER

The City has moved to dismiss the application for correction of erroneous assessment filed herein as it pertains to the year 1982. In support of its motion the City alleges that the petitioners failed to appeal the assessment for 1982 to the Board of Equalization, thereby not exhausting all available administrative remedies. The petitioners argue that the filing deadline is not applicable to them in this case and that the City is estopped from claiming that the petitioners failed to exhaust their administrative remedies.

After a full review of the applicable statutes, ordinances and case law, as well as the memoranda submitted by counsel, the Court is of the opinion that the motion to dismiss the application should be granted for the year 1982.

The original notice of assessment was sent to the petitioners on March 1, 1982. On May 10, 1982, the City sent a corrected notice of assessment. The pleadings do not reflect whether or not the latter assessment was sent in response to an appeal by the petitioners. In any event; the petitioners did not file a written application for appeal to the Board of Equalization by July

15, 1982. The petitioners and their representative, Property Tax Appeals, allege that they had discussions with City representatives between May 10 and July 15 and were led to believe that the City would further reduce the assessment. The City's representatives deny negotiating the same with the petitioners.

The general rule is that where an administrative remedy is provided by statute or by rules and regulations having the force and effect of law, relief must be sought from the administrative body, and such remedy must be exhausted before courts will act. In fact, exhaustion of administrative remedies is a jurisdictional prerequisite to courts. Thus, one who complains of the unreasonable character of rules and regulations adopted by an administrative board must seek relief from the board before applying to the courts. 1A Michie's Jurisprudence, *Administrative Law*, Sec. 17 (1980).

Such a requirement is no less applicable in an erroneous assessment case. Under common law a taxpayer had no right to apply for a correction of an assessment against him. The remedy afforded is purely statutory. 18 Michie's Jurisprudence, *Taxation*, Sec. 67 (1974). Therefore, "it is incumbent upon one seeking relief to proceed according to the statute affording such relief. . .the application must be made within the time required by the authorizing statute and in accordance with such restrictions and conditions as may be contained therein." *Commonwealth v. Richmond-Petersburg Bus Lines, Inc.*, 204 Va. 606, 609 (1963), quoting from *Commonwealth v. Cross*, 196 Va. 375, 378 (1954).

The petitioners argue that the July 15, 1982, filing deadline is in conflict with § 58-1145 of the Virginia Code and must be overruled as being contrary to the Dillon Rule. It is, of course, fundamental that local ordinances must conform to and not be in conflict with the public policy of the state as embodied in its statutes. Indeed, that principle is embodied in our statutes, which require that local ordinances must not be inconsistent with state law. Section 1-13:17 Virginia Code. In *King v. County of Arlington*, 195 Va. 1084 (1954), the court said:

> But, the mere fact that the state, in the exercise of the police power, has made certain regulations does not prohibit a municipality from exacting additional requirements. So long

as there is no conflict between the two, and the requirements of the municipality by law are not in themselves pernicious, as being unreasonable or discriminatory, both will stand. The fact that the ordinance enlarges upon the provisions of a statute by requiring more than the statute requires creates no conflict therewith, unless the statute limits the requirement for all cases to its own prescription. . .unless legislative provisions are contradictory in the sense that they cannot coexist, they are not deemed inconsistent because of mere lack of uniformity in detail. 37 Am. Jur., *Municipal Corporations*, Sec. 165, p. 790. See also *McQuillen on Municipal Corporations*, 3rd Ed., vol. 6, § 23.07, p. 392 ff.

The petitioners argue that § 3-2-185 of the Alexandria City Code is in direct conflict with Section 58-1145 of the Virginia Code. In the opinion of the Court they are not contradictory. They can be easily read together, as § 3-2-185 is a prerequisite to a claim under § 58-1145.

Section 3-2-185 states that anyone wishing to appeal a tax assessment must do so in writing to the Board of Equalization by July 15 of the tax year in question. Authority for this provision may be found in § 4.08(d) of the City Charter. That section states that no one may apply for relief under § 58-1145 Virginia Code until the assessment has first been reviewed by the Board of Equalization. Further authority for § 3-2-185 of the City Code may be found in Section 58-903 of the Virginia Code, which authorizes the governing body of any county or city to provide by ordinance the date by which applications must be made by property owners or lessees for relief. Having made an application for reassessment with the Board of Equalization an Alexandria taxpayer is given three years under § 58-1145 in which to appeal that assessment to the Circuit Court.

The provisions in the City Code do not contradict or do violence to the clear provisions of § 58-1145. It does not provide for more time than the three years, but merely prescribes a prerequisite. As such, it does not contradict any established state policy.

The petitioners also claim that the application deadline should not apply because the City engaged in

negotiations with them prior to July 15, 1982. There is nothing before the Court that would even remotely indicate that the City induced the petitioners to believe that by virtue of said negotiations the tax would be voluntarily reduced. To hold otherwise would be to reward the naivete of the petitioners' representatives, who are experienced in these matters.

In any event, the petitioners' argument is not well taken. The doctrine of estoppel cannot be imposed against a governmental entity where the contract is *ultra vires* and therefore void. *School Board of Amherst County v. Burley*, 225 Va. 376 (1983). The City's agents had no right to waive the July 15, 1982, deadline. No action on the part of the City can change or enlarge the time within which the petitioners are obligated to file their application for review by the Board of Equalization.

Accordingly, the Court will grant the City's motion to dismiss the petition as it pertains to tax year 1982.