## CITY OF RICHMOND

### V.

## CONFRERE CLUB OF RICHMOND, VIRGINIA, INC.

Record No. 881380

January 12, 1990

Present: Carrico, C.J., Compton, Stephenson, Russell, Whiting, and Lacy, JJ., and Harrison, Retired Justice

*Michael K. Jackson, Assistant City Attorney,* for appellant.
*Joseph W. Kaestner* for appellee.

JUSTICE STEPHENSON delivered the opinion of the Court.

In this appeal, we decide whether a city ordinance delegating authority to suspend bingo and raffle permits is consistent with the Commonwealth's enabling statute.

The General Assembly has provided a comprehensive legislative scheme for licensing and regulating certain organizations that conduct bingo games and raffles. Chapter 8, Title 18.2, Article 1.1 (Code §§ 18.2-340.1 to -340.14).[1] In former Code § 18.2-340.2, the General Assembly provided that before an organization engages in any bingo game or raffle, it "shall be required to obtain an annual permit from the governing body . . . *or from a local official, designated by the governing body.*" (Emphasis added.) Additionally, an organization's records of receipts and disbursements must be filed annually "with a local official designated by the local governing body," former Code § 18.2-340.6. Former Code § 18.2-340.10 provided that "[t]he *governing body . . .* may deny, suspend or revoke the permit of any organization found not to be in strict compliance with the [statute]." (Emphasis added.) Before a bingo or raffle permit may be denied, suspended, or revoked, however, the *local governing body* must conduct a hearing to determine whether the organization is in compliance. Former Code § 18.2-340.12.

To facilitate regulation of bingo games and raffles within the localities, Code § 18.2-340.8 authorizes local governing bodies to "adopt an ordinance, not in conflict with the provisions of [Article 1.1]." Pursuant to this enabling statute, the council of the City of Richmond (the City) adopted ordinances regulating bingo and raffles in the City. Section 4-55 of the City Code provides that "[t]he director of finance may deny, suspend or revoke the permit of any organization found not to be in strict compliance with the

---

[1] This appeal involves Article 1.1 as it existed prior to its amendment in 1989.

provisions of this article," and Section 4-57 empowers the City's director of finance to conduct the hearing to determine whether the permit should be denied, suspended, or revoked. Richmond, Va., City Code (1985 & Supp. 1986).

On January 13, 1986, the City issued a bingo permit to Confrere Club of Richmond, Virginia, Inc. (Confrere). Thereafter, the City auditor's staff conducted a field audit of Confrere's records for the three-month period ending September 30, 1986. The audit disclosed violations of certain accounting and recording regulations adopted by the City.

On June 16, 1987, the City's director of finance conducted a hearing to determine whether Confrere's bingo permit should be suspended or revoked as a result of the violations disclosed by the audit. After a hearing, the director of finance suspended Confrere's permit for a period of 180 days.

Confrere appealed the director's decision to the trial court, Code § 18.2-340.12, and the suspension was stayed pending the appeal. The trial court ruled that suspending a previously granted permit is one of the functions bestowed by the General Assembly only upon the "local governing body" and that the authority to suspend the permit could not be delegated. The trial court vacated the suspension and remanded the case to the City "for such further proceedings as [the City] deem[ed] advisable." The City appeals.

In determining the legislative powers of local governing bodies, Virginia follows the Dillon Rule of strict construction. The Dillon Rule provides that municipal corporations possess and can exercise only those powers expressly granted by the General Assembly, those necessarily or fairly implied therefrom, and those that are essential and indispensable. *Stallings* v. *Wall*, 235 Va. 313, 315-16, 367 S.E.2d 496, 497 (1988); *County Board* v. *Brown*, 229 Va. 341, 344, 329 S.E.2d 468, 470 (1985); *Tabler* v. *Fairfax County*, 221 Va. 200, 202, 269 S.E.2d 358, 359 (1980); *Hylton* v. *Prince William Co.*, 220 Va. 435, 440, 258 S.E.2d 577, 581 (1979); *Commonwealth* v. *Arlington County Bd.*, 217 Va. 558, 573-74, 232 S.E.2d 30, 40 (1977); *Bd. of Supervisors* v. *Horne*, 216 Va. 113, 117, 215 S.E.2d 453, 455-56 (1975); *City of Richmond* v. *County Board*, 199 Va. 679, 684, 101 S.E.2d 641, 644-45 (1958); *Donable* v. *Harrisonburg*, 104 Va. 533, 535, 52 S.E. 174, 175 (1905); *Winchester* v. *Redmond*, 93 Va. 711, 714, 25 S.E. 1001, 1002 (1896). If there is any reasonable doubt

whether legislative power exists, that doubt must be resolved against the local governing body. *Stallings*, 235 Va. at 316, 367 S.E.2d at 497; *Winchester*, 93 Va. at 714, 25 S.E. at 1002.

However, when a statute is clear and unambiguous, its plain meaning must be accepted without resort to extrinsic evidence or to the rules of construction. Legislative intent is determined from the plain meaning of the words used. *Marsh* v. *City of Richmond*, 234 Va. 4, 11, 360 S.E.2d 163, 167 (1987); *Va. Dept. of Labor* v. *Westmoreland Coal Co.*, 233 Va. 97, 99, 353 S.E.2d 758, 760-61 (1987); *Ambrogi* v. *Koontz*, 224 Va. 381, 386, 297 S.E.2d 660, 662 (1982). When legislative intent is plain, we must respect it and give it effect. *Arlington County Bd.*, 217 Va. at 579, 232 S.E.2d at 43.

The legislative scheme makes clear that, with respect to matters in which limited discretion is exercised, a local official designated by the governing body is empowered to act. When, however, the issue is whether a permit previously granted should be suspended or revoked, broad discretion is involved. In such circumstances, the General Assembly clearly and unequivocally granted such power only to the local governing body.

Because the General Assembly expressly granted to City Council alone the power to suspend a permit, Council was powerless to delegate that authority to the director of finance.[2] Therefore, the director's actions were invalid.

Accordingly, we will affirm the trial court's judgment.

*Affirmed.*

---

[2] In 1989, the General Assembly amended Code §§ 18.2-340.10 and -340.12 to provide that "the local official or board designated by the governing body," as well as the governing body, may deny, suspend, or revoke a permit. Acts 1989, c. 113.