174

# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

The Lindsey Trusts

v.

City of Alexandria

July 13, 1998

Case No. (Law) CL 970321

BY JUDGE JOHN E. KLOCH

This matter came on for trial on the Complainant's (Lindsey) Motion for a Declaratory Judgment seeking to declare Ordinance No. 3711 as codified in § 11-509 of the City of Alexandria Zoning Ordinance void and unenforceable for the reason that it lacks enabling legislation as required by the so called Dillon Rule.

Trial was held based on the Joint Stipulation of Facts submitted by the parties. Both sides submitted trial briefs, other authority, and presented argument. The Court then took the matter under advisement for decision.

## Facts

Since the facts have been stipulated to in some detail in the Joint Stipulation, they are partially abbreviated here.

Prior to May 12, 1979, the restaurant use of the subject property located at 101 and 103 King Street, was a "by right" use, not requiring a special use permit (SUP). Ordinance No. 2373, adopted May 12, 1979, amended the Zoning Ordinance to require a special use permit approval from the city for all restaurants, but contained a "grandfather" provision for restaurants then in existence. Under the grandfather provisions, such restaurants were not deemed to be nonconforming uses, and hence were allowed to expand or enlarge by right.

Ordinance No. 2780, adopted February 22, 1983, changed the effect of the grandfather provision by providing that "for any use that now requires a special use permit, whether or not a special use permit *has been granted previously, the enlargement, extension, or increase in intensity* of that use shall require a separate use permit ... ." (Emphasis added.) This language is now codified as § 11-509 of the Zoning Ordinance. Ordinance No. 3711 (March 19, 1994) and Ordinance No. 3800 (May 12, 1995) are the most recent recodifications of § 11-509.

The subject property was formerly used in connection with the Fish Market Restaurant which use commenced as a by right use in 1976 at 105 King Street, and prior to February 1983, when the prohibition on expansion, enlargement, or intensification ordinance was adopted, the use had expanded into the adjacent 101 and 103 King Street buildings, the property subject matter of this lawsuit.

In 1996, the Fish Market Restaurant ceased operations in and vacated the 101 and 103 buildings. The owner of 101 and 103 King Street now seeks to continue the restaurant use of the subject property. The City has determined that, unless a special use permit for an intensified restaurant use is approved by City Council, only a limited restaurant use can continue in the subject property, pursuant to the provisions of § 11-509.

This lawsuit challenges, under the Dillon Rule:, the City's authority to adopt so much of § 11-509 of the Zoning Ordinance, as provides that "for any use that now requires a special use permit ... any ... *increase in the intensity of that use* shall require a separate special use permit ... ." (Emphasis added.)

*Issue Presented*

The precise issue to be decided is whether the City had the authority, by charter amendment or by general law, to require by zoning ordinance special use permits for a use which amounts to an "increase in the intensity of that use" of property which has been grandfathered for restaurant use.

*Analysis of Applicable Law*

Both parties appear to agree that the Charter provision, § 9.09, is the controlling legislation, as opposed to the general law relating to vested rights found in Code of Virginia § 15.1-2307. This is in accord with case law which holds that a specific charter amendment "must be construed to be a qualified amendment of the general law, and controlling the locality to which it applies." *Pierce v. Dennis*, 205 Va. 478, 484 (1964).

The City, acknowledging that the controlling Charter provision does not contain a provision regulating "intensification" of use, relies upon the general language of the Charter which expressly provides that the zoning ordinance:

Shall provide for the regulation and restriction of the use of land, buildings and structures in the respective zones and may include but shall not be limited to the following: [Subsection (a) through (k)] [emphasis added].

While I agree with the City, that by its very terms, the strictures against nonconforming uses of § 9.09(g) are not mandatory; and further, given the express "may include but shall not be limited to" introductory language to § 9.09, nor are its provisions the exclusive provisions which authorize council to regulate existing uses, I do not agree that the Charter authorizes the City to include the regulation of intensification of use as its zoning ordinance specifically does. The well established Dillon Rule stands for the proposition that a municipality possesses and can exercise only those powers specifically granted to it by the General Assembly, powers necessarily or fairly implied in or incident to the powers granted. *Stallings v. Wall*, 235 Va. 313, 316 (1988).

As the Plaintiff points out, Virginia courts have consistently held that "[a]ny fair, reasonable doubt concerning the existence of power is resolved by the courts against the [municipal] corporation and the power is denied." *Stallings* at 316, as well as numerous cases cited in the Plaintiff's brief.

The City, by virtue of its own opinions, concedes that "increase in intensity" is not included in the authority of Charter § 9.09(g), but is in addition to the permissive authority of "enlarged, extended, reconstructed, or structurally altered" provisions of that section. It then argues that the authority for the "increase in intensity" control is included either in the preamble "may include but shall not be limited to" language, or the power to prohibit includes the power to regulate language found in the genesis of the Dillon Rule. *Stallings; Ticonderoga Farms, Inc. v. Loudoun County*, 242 Va 170 (1991).

## Conclusion

Under the City's interpretation, anything not included in subsections (a) through (k) could be added under the guise of the language, "may include but shall not be limited to." Such an interpretation violates simple rules of statutory construction. Subsection (g) of Charter § 9.01 specifically addresses non conforming uses and restricts the City's power relating to buildings which are "enlarged, extended, reconstructed, or structurally altered." The subject matter

of uses is specifically addressed in this subsection, *to the exclusion of* "intensification." Since the language of the Charter specifically addressed the extent of power in such situations, it also limits the power to those items enumerated, i.e. enlarged, extended, reconstructed, or structurally altered.

Here, the specific controls the general. Since enlarged uses were addressed specifically in subsection (g), it acts as a limitation of the City's power under the general provision in the Preamble of § 9.09, "may include but shall not be limited to."

Accordingly, I am of the opinion that the City had no express authority to enact § 11-509 as it pertains to "increase in intensity," and it is therefore void and unenforceable.