**Anthony Mark DANIEL, Plaintiff,**

v.

**CITY OF TAMPA, FLORIDA, et al., Defendants.**

No. 92–838–CIV–T–17(B).

United States District Court, M.D. Florida, Tampa Division.

April 8, 1993.

Matthew P. Farmer, Farmer & Fitzgerald, Tampa, FL, for plaintiff.

Peter Michael Walsh, Richard C. McCrea, Jr., Zinober & Burr, Kirby Collin Rainsberger, City of Tampa, Richard L. Gilmore, Morrison, Gilmore & Clark, Tampa, FL, for defendants.

## ORDER ON REPORT AND RECOMMENDATION

KOVACHEVICH, District Judge.

This cause came to be heard before the Honorable Thomas G. Wilson, United States Magistrate Judge, on November 20, 1992, upon Plaintiff's Motion For Preliminary Injunction. Judge Wilson had the authority to hear this motion pursuant to 28 U.S.C. § 636(b)(1), and Rule 72 of the Federal Rules of Civil Procedure.

After considering all documents of record and the arguments of counsel, and being otherwise fully advised on the premises, Judge Wilson recommended that the Court ADOPT Plaintiff's Motion For Preliminary Injunction. Judge Wilson thereby recommended that the City be enjoined from arresting the Plaintiff under the trespass-after-warning statute, Fla.Stat. § 810.09 (1989), while he is engaged in door-to-door political expression between the hours of 7:00 A.M. and 9:00 P.M. in the College Hill and Ponce de Leon properties owned by the Tampa Housing Authority.

Pursuant to Rule 6.02, Rules of the United States District Court for the Middle District of Florida, the parties had ten (10) days after service to file written objection to the proposed findings and recommendation, or be barred from attacking the factual findings on appeal. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.1982) (en banc). Both parties have filed timely[1] objections with this Court.

---

1. Plaintiff's objections to Magistrate's Report and Recommendation included an argument that De-

This Court has reviewed the findings of fact set out in the REPORT and RECOMMENDATION. With respect to this review, this Court must make a de novo determination in accordance with the rules, after review of the specific written objections by the litigants. 28 U.S.C. § 636(b)(1); Rule 72(b) Fed.R.Civ.P.; *United Steelworkers of Am., AFL–CIO v. New Jersey Zinc Co., Inc.*, 828 F.2d 1001, 1005 (3d Cir.1987). The District Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C).

## FACTS

On November 20, 1992, Magistrate Wilson issued a report and recommendation which recommended that this Court approve a preliminary injunction for Plaintiff, Daniel. Plaintiff is a member of the National Peoples Democratic Uhuru Movement, a black rights organization that deals primarily with the abrogation of democratic and constitutional rights of poor and working class African people. Plaintiff wishes to espouse the viewpoints of this organization in the College Hill and Ponce de Leon public housing units of the Tampa Housing Authority.

However, College Hill and Ponce de Leon have a serious problem with drugs and other crimes. Significantly, much of the crime problem there is caused by people who do not live in the public housing areas. In order to combat the crime problem in the areas and the effects of the uninvited outsiders, the Housing Authority delegated to the Tampa Police Department its right to invoke Florida's trespass-after-warning provision, Fla. Stat. § 810.09 (1989). Florida Statute § 810.09 provides in pertinent part:

(1) Whoever, without being authorized, licensed, or invited, willfully enters upon or remains in any property other than a structure or conveyance as to which notice against entering or remaining is given, either by actual communication to the offender or by posting, fencing, or cultivation as described in § 810.011, commits the offense of trespass on property other than a structure or conveyance.

(2)(a) ...

(b) If the offender defies an order to leave, personally communicated to him by the owner of the premises or by an authorized person, ... he is guilty of a misdemeanor of the first degree, punishable as provided in § 775.082 or § 775.083.

Pursuant to this statute the Tampa Housing Authority delegated to the Tampa Police Department the power to warn uninvited and unauthorized persons to leave the public housing areas, and if the individuals refuse to leave, arrest them for violating the statute.

Since May 1991, the Plaintiff has been charged three times with violating the trespass-after-warning provision.[2] However, Plaintiff argues that the enforcement scheme used to apply the trespass-after-warning statute is overbroad and violates the First Amendment rights of Housing Authority residents to receive communications. He further alleges that the enforcement scheme is vague and thus offends the Fourteenth Amendment's Due Process Clause. Plaintiff moves this Court to issue a Preliminary Injunction prohibiting the Defendants, and their agents, from arresting him while espousing his views on Tampa Housing Authority property.

Magistrate Wilson determined this issue on November 20, 1992. The Magistrate recommended that this Court approve a preliminary injunction, enjoining the Defendants, and their agents, from arresting the Plaintiff

---

fendant's objections were untimely. However, this Court finds that under Rule 4.20 and the Federal Rules of Civil Procedure the Defendant's objections are timely. Rule 4.20 and F.R.C.P. Rule 6(a) and 6(e) require that whenever a period of time prescribed is less than eleven (11) days and there has been service upon a party by mail, the following shall be excluded in the computation of time: the day of the act and intermediate Saturdays, Sundays, and legal holidays. Additionally, three days shall be added when the party is served by mail. Hence, the Defendants

had until December 9, 1992 to file timely objections. The Defendants properly filed their objections on December 7, 1992.

**2.** The Plaintiff had previously been arrested twice on charges arising from his presence in the College Hill area. On February 2, 1989, he was arrested during a civil disturbance, and charged with inciting a riot and unlawful assembly. On July 31, 1990, the plaintiff was arrested for loitering and prowling while he was passing out handouts. Neither charge was prosecuted.

1493

under the trespass-after-warning statute, Fla.Stat. § 810.09 (1989), based upon a warning issued by the police or the Housing Authority, while he is engaged in door-to-door political expression between the hours of 7:00 A.M. and 9:00 P.M. in the College Hill and Ponce de Leon properties owned by the Tampa Housing Authority.

## STANDARD OF REVIEW

A preliminary injunction should only be entered when the moving party has sustained the burden of satisfying the following four-prong test: (1) a substantial likelihood that plaintiff will prevail on the merits, (2) a substantial threat that plaintiff will suffer irreparable injury if injunction is not granted, (3) that the threatened injury to plaintiff outweighs the threatened harm the injunction may do to defendant, and (4) that granting the preliminary injunction will not disserve the public interest. *Johnson v. United States Department of Agriculture*, 734 F.2d 774, 781 (11th Cir.1984). However, the remedy is considered extraordinary and drastic. *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 572–573 (5th Cir.1974).[3] Therefore, if the plaintiff fails to meet any of the foregoing prerequisites the motion is properly denied. *United States v. Jefferson County*, 720 F.2d 1511, 1519–1520 n. 21 (11th Cir.1983).

## OBJECTIONS

Both Defendants and Plaintiff filed objections to the Magistrate Judge's report and recommendation. Defendants object to the finding that the Plaintiff had satisfied the first two elements of the preliminary injunction test. Defendants argue that Plaintiff has failed to prove (1) that there is a substantial likelihood that the plaintiff will prevail on the merits, and (2) that there is a substantial threat that the plaintiff will suffer irreparable injury if the injunction is not granted.

■ First, this Court will address Defendants' argument that Plaintiff has not proven a substantial likelihood of success on his First Amendment claim regarding his right to engage in door-to-door canvassing in public housing areas. The Court finds the Su-

preme Court decision in *Martin v. Struthers*, 319 U.S. 141, 63 S.Ct. 862, 87 L.Ed. 1313 (1943) most persuasive. In *Martin v. Struthers* the United States Supreme Court created a right to distribute and receive literature as protected by the First Amendment of the United States Constitution. Justice Black delivered the opinion that door to door distribution of circulars is essential to the poorly financed causes of little people. *Id.* 319 U.S. at 146, 63 S.Ct. at 865. Consequently, the Supreme Court held that the decision as to whether distributers of literature may lawfully call at a home belongs to the homeowner himself. *Id.,* 319 U.S. at 148, 63 S.Ct. at 866. Defendants further argue that residents of the Ponce de Leon and College Hill areas are not "homeowners" and thus, not entitled to this constitutional right. However, this Court finds the *Martin v. Struthers* case precedent sufficient to find the Plaintiff has indeed demonstrated a substantial likelihood of success on this issue.

Defendants' second argument that Plaintiff has not proven a substantial threat of irreparable injury if the injunction is not granted is equally unconvincing. A violation of a First Amendment right cannot be remedied by money damages. *Cate v. Oldham*, 707 F.2d 1176, 1188 (11th Cir.1983). Accordingly, a plaintiff who has demonstrated a likelihood of success on a First Amendment claim has ordinarily established irreparable injury as well. *Id.* at 1188. An alleged constitutional infringement will often alone constitute irreparable harm sufficient to warrant granting of a preliminary injunction. *Goldie's Bookstore, Inc. v. Superior Court of California*, 739 F.2d 466, 472 (9th Cir.1984).

Plaintiff objects to several factual findings and legal conclusions of the Magistrate Judge. The following facts were set forth in the Report and Recommendation, and are specifically adopted by this Court:

1. Almost 90% of the people arrested at College Hill and Ponce de Leon are not legitimate residents.

**3.** The Eleventh Circuit adopted as precedent all case law of the Fifth Circuit prior to September 30, 1981. *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206 (11th Cir.1981) (en banc).

2.  A list of the persons who have been warned to leave Housing Authority property is maintained for a period of twelve months.

3.  X–Ray Squad members are trained that they cannot arrest individuals who are: invited guests of residents; authorized to be on the property by the Housing Authority; or present on the City-owned streets, rights-of-way, or sidewalks or curbs which intersect or adjoin the public housing areas.

4.  The police do not interfere with Plaintiff's speech as long as he remains on City-owned property, such as streets or sidewalks.

5.  The Housing Authority is a non-public forum.

6.  Due to lack of factual development, it cannot be concluded at this time that Plaintiff has shown a likelihood of success on a claim that the restrictions were invalid because they were designed to cut off an unfavorable viewpoint.

7.  It has not yet been sufficiently developed as to whether Plaintiff's arrests have been effected in order to prevent him from exercising his First Amendment rights.

■ This Court is confident that the Magistrate Judge properly came to these conclusions of fact. However, Plaintiff's remaining objections require some examination. Plaintiff objects to the finding that, "the plaintiff acknowledges that public housing authorities may delegate to municipal police officers the authority under § 810.09 [Fla.Stat.] to issue the initial warning to leave the premises, as was done here (Doc. 44, p. 8)." Report, 4. The Court agrees that Plaintiff may not have conceded that delegation is valid; however, Florida case law suggests otherwise. In *Fox v. State*, 580 So.2d 313 (Fla. 3rd DCA 1991), the Third District Court of Appeal held that the manager of a public housing project could authorize a municipal police officer to issue both the trespass warning and effect the subsequent arrest for trespass after warning. Similarly, the Attorney General of Florida, in opinion 90–68 (Aug. 17, 1990), concluded that a municipal housing authority may predesignate on-duty municipal police officers to order persons to leave the housing authority's property under § 810.09.

Plaintiff objects to the finding that "...,  the parties seem to accept that, under the statute, if an individual has been warned to leave and he subsequently returns to the property, he may be arrested." Report, 4. The Court respectfully submits that Plaintiff may not have accepted that, under the statute, if an individual has been warned to leave and he subsequently returns to the property, he may be arrested; however, the plain meaning of the statute is sufficient to uphold this finding, regardless of Plaintiff's acceptance.

Plaintiff objects to the finding that he has failed to demonstrate a substantial likelihood of prevailing on his First Amendment claims that he has a right to distribute written material and engage in other protected expressive conduct in public housing areas, such as common areas, other than the actual entrances to apartments. Further, Plaintiff argues that he has demonstrated a substantial likelihood of success on his Fourteenth Amendment Due Process claim that the enforcement scheme is void-for-vagueness. The Court finds these objections without merit. Accordingly, it is

**ORDERED** that the report and recommendation, dated November 20, 1992, be ADOPTED and incorporated herein, with exceptions previously noted; Plaintiff's Motion for Preliminary Injunction be **GRANTED;** and Defendants, and their agents, be enjoined from arresting the Plaintiff under the trespass-after-warning statute, Fla.Stat. § 810.09 (1989), based upon a warning issued by the police or the Housing Authority, while he is engaged in door-to-door political expression between the hours of 7:00 A.M. and 9:00 P.M. in the College Hill and Ponce de Leon properties owned by the Tampa Housing Authority.

**DONE and ORDERED.**