38 F.3d 546
 63 USLW 2342
 Anthony Mark DANIEL, Plaintiff-Appellant,
v.
CITY OF TAMPA, FLORIDA and Audley Evans, Executive Director,
Tampa Housing Authority, in his official capacity,
Defendants-Appellees,
Eduardo Gonzalez, Chief, Tampa Police Department, in his
official capacity; Norman Crutchfield, Sgt., Tampa Police
Department, in his individual and official capacities;
David Slatton, Officer, Tampa Police Department, in his
individual and official capacities, Defendants.
 Nos. 93-3356, 93-3553.
 United States Court of Appeals,
Eleventh Circuit.
 Nov. 23, 1994.
 
 Matthew P. Farmer, Farmer & Fitzgerald, Tampa, FL, for appellant.
 Richard C. McCrea, Jr., Zinober & McCrea, P.A., Tampa, FL, for City of Tampa.
 Ricardo L. Gilmore, Morrison, Gilmore & Clark, Tampa, FL, for Audley Evans.
 Appeals from the United States District Court for the Middle District of Florida.
 Before KRAVITCH and DUBINA, Circuit Judges, and GIBSON*, Senior Circuit Judge.
 KRAVITCH, Circuit Judge:
 
 
 1
 Whether Florida's trespass after warning statute enforced on Housing Authority property, Fla.Stat. ch. 810.09, violates the First and Fourteenth Amendments to the United States Constitution is the issue presented in this appeal. We hold it does not and AFFIRM the district court's grant of Appellees', the City of Tampa, Florida (the "City") and Audley Evans, the Director of Tampa Housing Authority (the "Housing Authority"), motion for judgment as a matter of law pursuant to Fed.R.Civ.P. 50(a).
 
 I.
 
 2
 The property at issue is government-owned and dedicated for residential use by eligible low income families. The Housing Authority's mission is to provide "a safe and healthy physical environment for eligible low income citizens."[1] To this end, because Housing Authority property is often used by non-residents as a place to sell and use drugs,[2] access to the property is limited to residents, invited guests of residents, and those conducting official business.[3] Enforcement of this limited access policy is accomplished through enforcement of Florida's trespass after warning statute, which prohibits persons from entering or remaining on a property after receiving a trespass warning.[4] Pursuant to a special agency agreement, the Tampa Police Department is authorized by the Housing Authority to issue warnings to persons trespassing upon Housing Authority property. Once an individual is issued a trespass warning, he is placed on a list and is subject to arrest if found on Housing Authority property again.
 
 
 3
 Anthony Mark Daniel was issued a trespass warning in 1991 and was arrested for violating Florida's trespass after warning statute on three occasions.[5] He filed suit in federal district court alleging that his arrests violated his First Amendment rights, and that the Florida statute is void for vagueness under the Fourteenth Amendment.[6]
 
 
 4
 At the close of Daniel's case, the district judge granted Appellees' motion for a directed verdict pursuant to Fed.R.Civ.P. 50(a), holding that Daniel's arrest did not abridge his First Amendment rights and that Florida's trespass after warning statute is not unconstitutionally vague. 843 F.Supp. 1445.
 
 II.
 
 5
 We review a motion for a judgment as a matter of law de novo, applying the same standard that the district court applied when deciding whether to grant the motion. Sherrin v. Northwestern Nat'l Life Ins. Co., 2 F.3d 373, 377 (11th Cir.1993). When considering a directed verdict motion, we view the evidence in the light most favorable to the non-moving party and "[i]f the facts and inferences point overwhelmingly in favor of one party, such that reasonable people could not arrive at a contrary verdict, then the motion was properly granted." Carter v. City of Miami, 870 F.2d 578, 581 (11th Cir.1989).
 
 
 6
 As stated in International Soc'y for Krishna Consciousness v. Lee, --- U.S. ----, ----, 112 S.Ct. 2701, 2705, 120 L.Ed.2d 541 (1992) (citations omitted), "the government need not permit all forms of speech on property that it owns and controls." Thus, in Adderley v. Florida, 385 U.S. 39, 87 S.Ct. 242, 17 L.Ed.2d 149 (1966), the Supreme Court held constitutional the arrests, pursuant to Florida's malicious trespass statute, of demonstrators entering the county jail to protest segregation. The Court stated, "[t]he United States Constitution does not forbid a State to control the use of its own property for its own lawful nondiscriminatory purpose." Id. at 48, 87 S.Ct. at 247.
 
 
 7
 The constitutionality of government regulation of its own property depends upon the character of the property at issue. See Perry Education Assoc. v. Perry Local Educators' Assoc., 460 U.S. 37, 44, 103 S.Ct. 948, 954, 74 L.Ed.2d 794 (1983).[7] For purposes of First Amendment analysis, the Supreme Court has identified three types of government-owned property: the traditional public forum, the designated forum, and the nonpublic forum. United States v. Kokinda, 497 U.S. 720, 725-26, 110 S.Ct. 3115, 3119, 111 L.Ed.2d 571 (1990). A traditional public forum, such as a street or park, is one that has as "a principal purpose ... the free exchange of ideas." Cornelius v. NAACP Legal Defense and Educ. Fund, Inc., 473 U.S. 788, 800, 105 S.Ct. 3439, 3448, 87 L.Ed.2d 567 (1985). A designated forum is one which the government intentionally opens to the public for expressive activity. Id. at 802, 105 S.Ct. at 3449.
 
 
 8
 Government limitations on expressive activity in traditional public fora and designated public fora are subject to strict scrutiny; they must be narrowly tailored to serve a compelling state interest. Id. at 800, 105 S.Ct. at 3448. By contrast, "[a] nonpublic forum is 'public property which is not by tradition or designation a forum for public communication,' " and limits on access to such need only be reasonable and not based upon a desire to suppress a certain viewpoint. Crowder v. Housing Authority of Atlanta, 990 F.2d 586, 591 (11th Cir.1993) (quoting Perry, 460 U.S. at 46, 103 S.Ct. at 955).
 
 
 9
 Here, the district court concluded that the Housing Authority property is a nonpublic forum, and we agree. Daniel made no showing that the Housing Authority property was "by tradition or designation a forum for public communication" for non-residents.[8] Id. The official mission of the Housing Authority is to provide safe housing for its residents, not to supply non-residents with a place to disseminate ideas. Further, in practice, access to Housing Authority property is carefully limited to lawful residents, their invited guests, and those conducting official business. We therefore have little difficulty concluding that the Housing Authority property is a nonpublic forum. See Kokinda, 497 U.S. at 727, 110 S.Ct. at 3120 (sidewalk in front of post office is nonpublic forum "constructed solely to provide for the passage of individuals engaged in postal business"); Sentinel Communications Co. v. Watts, 936 F.2d 1189, 1204 (11th Cir.1991) (interstate rest stop is nonpublic forum intended to provide motorists with a resting place as a safety mechanism for highways); M.N.C. of Hinesville, Inc. v. United States Dep't of Defense, 791 F.2d 1466, 1473 (11th Cir.1986) (military base is nonpublic forum).
 
 
 10
 Because the Housing Authority property is a nonpublic forum, restrictions on access need only be content-neutral and reasonable. The first prong of this test is easily satisfied. There is simply no evidence that the police arrested Daniel because they disagreed with his message. Rather, the police arrested Daniel for the sole purpose of preventing unlawful trespass upon Housing Authority property.
 
 
 11
 In addition, we conclude that enforcement of the statute is a reasonable means of combatting the rampant drug and crime problems within the Housing Authority property. Enforcement of the statute has decreased the number of non-residents engaging in criminal activity on Housing Authority property. Further, Daniel has unlimited access to the City-owned streets and sidewalks adjacent to the housing complex, allowing him an alternative means for distributing information to residents.[9] See United States v. Gilbert, 920 F.2d 878, 886 (11th Cir.1991) (availability of alternative channels of communication is factor bearing upon reasonableness of restriction). We therefore hold that Daniel's arrests for violating Florida's trespass after warning statute did not violate his First Amendment rights. See Lee, --- U.S. at ----, 112 S.Ct. at 2708 (ban on solicitation in airport terminal, a nonpublic forum, is reasonable to prevent disruption of business and duress of passers-by); Gilbert, 920 F.2d at 885 (federal building is nonpublic forum; injunction prohibiting protesting inside building and portico reasonable because "government has a legitimate interest in maintaining aesthetics of the ... [b]uilding, and keeping the walkways near the building unobstructed").
 
 III.
 
 12
 Daniel also argues that the enforcement of Florida's trespass after warning statute on Housing Authority property is void for vagueness in violation of the Fourteenth Amendment. A statute is void for vagueness if it fails to define the criminal offense with sufficient clarity to provide an ordinary person with notice of the prohibited conduct or if the statute "fails to establish minimal guidelines to govern law enforcement." Kolender v. Lawson, 461 U.S. 352, 357-58, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983) (citation omitted).
 
 
 13
 Florida's trespass after warning statute is not void for vagueness. The statute provides citizens with clear notice of what is prohibited. See Adderley v. Florida, 385 U.S. 39, 42, 87 S.Ct. 242, 244, 17 L.Ed.2d 149 (1966) (Florida's malicious trespass statute not void for vagueness because "[i]t is aimed at conduct of one limited kind.... There is no lack of notice in this law, nothing to entrap or fool the unwary."). In addition, the Tampa police have virtually no discretion when enforcing the statute on the Housing Authority property: any person who is not a lawful resident of the property, an invited guest, or present on official business, is subject to arrest after receiving a warning.[10]
 
 IV.
 
 14
 We hold that the Housing Authority property is a nonpublic forum with respect to non-residents for purposes of First Amendment analysis and that enforcement of Florida's trespass after warning statute on the property is a reasonable means of combatting drug and crime problems on the property. In addition, we hold that the enforcement of Florida's trespass after warning statute on the Housing Authority property is neither void for vagueness nor overbroad. Accordingly, we AFFIRM the district court's grant of Appellees' motion for judgment as a matter of law.
 
 
 15
 AFFIRMED.
 
 
 
 *
 Honorable Floyd R. Gibson, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 [1]
 There are two public housing complexes in Tampa
 
 
 [2]
 Nearly 90% of those arrested on Housing Authority property are non-residents
 
 
 [3]
 Although access to the Housing Authority property is limited, the City-owned streets and sidewalks surrounding and intersecting with the Housing Authority property are open to the public
 
 
 [4]
 Fla.Stat. ch. 810.09 provides in pertinent part:
 (1) Whoever, without being authorized, licensed, or invited, willfully enters upon or remains in any property other than a structure or conveyance as to which notice against entering or remaining is given ... by actual communication to the defendant ... commits the offense of trespass on property other than a structure or conveyance.
 (2)(b) If the offender defies an order to leave, personally communicated to him by the owner of the premises or by an authorized person ... he is guilty of a misdemeanor of the first degree....
 
 
 [5]
 On one occasion, Daniel was arrested after entering Housing Authority property in order to post a sign on a tree protesting America's involvement in the Persian Gulf War. The other two arrests were precipitated by Daniel's entrance upon Housing Authority property in order to distribute leaflets to residents
 
 
 [6]
 Daniel sought compensatory, permanent injunctive and declaratory relief pursuant to 42 U.S.C. Sec. 1983 and 28 U.S.C. Sec. 2201
 
 
 [7]
 Daniel argues that enforcement of Florida's trespass after warning statute on Housing Authority property operates as a ban on his First Amendment right to canvass door-to-door and on the Housing Authority tenants' reciprocal right to receive information. See Martin v. Struthers, 319 U.S. 141, 63 S.Ct. 862, 87 L.Ed. 1313 (1943) (holding unconstitutional a city ordinance prohibiting door-to-door canvassing of private residences). We do not agree. The Court's opinion in Martin rests upon the premise that a city may not "substitute the judgment of the community for the judgment of the individual householder," and divest the homeowner of the decision of whether to speak with the canvasser. 319 U.S. at 144, 63 S.Ct. at 863. This concern is not implicated where, as here, the regulated property is government-owned
 
 
 [8]
 In Crowder, 990 F.2d at 586, this court considered the types of fora of an auditorium and a library in an Atlanta public housing complex for First Amendment analysis. We concluded that although the auditorium is a designated public forum for tenants, the library located in the complex was not a designated public forum, even for residents, as it was not "ordinarily used for expressive purposes." Id. at 591
 
 
 [9]
 The police are trained not to arrest someone who confines himself to the City-owned streets and sidewalks surrounding the Housing Authority property. Daniel himself protested on the public sidewalks on several occasions without incident
 
 
 [10]
 Daniel's argument that Florida's trespass after warning statute is overbroad is similarly without merit. A statute is overbroad if it "reaches a substantial amount of constitutionally protected conduct." Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494, 102 S.Ct. 1186, 1191, 71 L.Ed.2d 362 (1982). Daniel has failed to show that his First Amendment rights have been abridged. Therefore, Florida's trespass after warning statute as enforced on Housing Authority property is not overbroad