COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman, and Senior Judge Cole
Argued at Richmond, Virginia


RAYMOND L. LAWLESS

v.          Record No. 1639-94-2          OPINION BY
                                      JUDGE SAM W. COLEMAN III
COUNTY OF CHESTERFIELD               DECEMBER 29, 1995


            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                    William R. Shelton, Judge

            John N. Clifford (Clifford & Duke, on briefs),
              for appellant.

            Michael S. J. Chernau, Assistant County Attorney
            (Steven L. Micas, County Attorney, on brief),
            for appellee.


     Raymond L. Lawless was convicted of a misdemeanor and fined
$1,000 under §§ 21.1-5(b) and 21.1-8(c) of the Code of
Chesterfield County for violating two conditions of a conditional
use permit governing the operation of a landfill.  The conditions
that Lawless violated required him to cease all landfill
activities and file a closure plan within thirty days because of
exposed waste, leachate being discharged offsite, and inadequate
buffer zones between the lawfill and adjacent properties.
Lawless contends on appeal that the trial court erred by refusing
to sustain his motion to dismiss on the ground that he had been
previously convicted of the same offenses.

     We hold that the provisions of § 21.1-5(b)(1) of the
Chesterfield Code, which provides that each day's failure to
comply with the conditional use permit constitutes a separate

offense, violates Dillon's Rule.  Therefore, Chesterfield County had no authority to adopt a provision in its zoning ordinance that each day's violation would be treated as a separate offense.  Because Lawless had previously been convicted of a misdemeanor on the same facts for violating the conditions of the use permit, we hold that the trial court erred in not dismissing the charges.  Thus, we reverse Lawless's conviction.

On July 25, 1984, the Chesterfield County Board of Supervisors granted Lawless a conditional use permit to operate a landfill for a period of five years on 7.2 acres of real estate in Chesterfield County.  The Board amended the permit on March 8, 1989, and set forth several conditions.  Condition number one required Lawless to cease "all landfilling activity" on the property.  Condition number two required Lawless to file closure plans within thirty days of the Board's amendment to the permit.  The amendment required Lawless to clean up and close the landfill once the plans were submitted and approved.

In October 1992, Chesterfield County charged Lawless with violating §§ 21.1-5(5) and 21.1-8(c) of the Chesterfield County Code, alleging failure to comply with conditions one and two of the March 1989 amendment to the special use permit.  Lawless was convicted of a misdemeanor and fined for violating conditions one and two.

In July 1993, on the same facts, the County again charged Lawless under §§ 21.1-5(b) and 21.1-8(c) for violating conditions

one and two of the March 1989 amendment.  The dispositive issue is the validity of § 21.1-5(b) of the Chesterfield Code, providing that each day's violation is a separate offense.

The only witness at trial was Donna McClurg, a zoning inspector for Chesterfield County.  McClurg testified that Lawless had not submitted the plan required under condition two within thirty days after the March 8, 1989, Board meeting and that the current charge was identical to the October 1992 charge on which Lawless had been convicted.  She further testified that the landfill was in the same condition as it was in 1989 and that the only basis for the current charge was Lawless's failure to file closure plans within thirty days of the March 8, 1989, amendment to the permit.

Lawless submitted a written motion to dismiss.  The trial court overruled the motion to dismiss, found Lawless guilty, and imposed a $1,000 fine.

Section 21.1-5(b)(1) of the Chesterfield County Code provides that

> [a]ny person who violates any of the
> provisions of this chapter . . . shall be
> deemed guilty of a misdemeanor and upon
> conviction thereof, shall be fined not less
> than ten dollars ($10.00) and not more than
> one thousand ($1,000.00).  Each day such
> violation shall continue shall be a separate
> offense, and upon conviction thereof, shall
> be fined not less than ten dollars ($10.00)
> and not more than one thousand ($1,000.00)
> for each separate day on which [such]
> violation occurs.

Lawless asserts that § 21.1-5(b), by providing that each day a

violation exists constitutes a separate offense, exceeds the authority granted localities under Code § 15.1-491(e) to impose criminal penalties for zoning ordinance violations.

In Virginia, the boards of supervisors of the counties do not have broad general authority to adopt whatever ordinance they deem appropriate or desirable. The power of a county, like that of a municipal corporation, is controlled by Dillon's Rule, which authorizes the locality to exercise those powers or adopt ordinances that the legislature expressly authorizes by statute or that are conferred by necessary implication. Gordon v. Board of Supervisors of Fairfax County, 207 Va. 827, 832, 153 S.E.2d 270, 274 (1967). Dillon's Rule and its corollary provide that municipal and county governments have only those powers that the legislature expressly grants, those necessarily or fairly implied therefrom, and those that are essential and indispensable. See id.; City of Richmond v. Board of Supervisors of Henrico County, 199 Va. 679, 684-85, 101 S.E.2d 641, 644-45 (1958). "[T]he Dillon Rule is applicable to determine in the first instance, from express words or by implication, whether a power exists at all. If the power cannot be found, the inquiry is at an end." Commonwealth v. County Board of Arlington County, 217 Va. 558, 575, 232 S.E.2d 30, 41 (1977).

We look to Title § 15.1 of the Code to determine whether the legislature, when it passed the enabling legislation that allowed localities to adopt zoning ordinances, empowered the counties,

-4-

expressly or by necessary implication or as an essential power to enforce zoning ordinances, to prosecute an individual for a separate misdemeanor for each day's failure to comply. Code § 15.1-491(e) does not expressly grant such power to the locality.

We must determine, therefore, whether the power to make each day's violation a separate offense can be "necessarily or fairly implied" from the express powers granted under the Code. <u>City of Richmond v. Confrere Club of Richmond, Virginia, Inc.</u>, 239 Va. 77, 79, 387 S.E.2d 471, 473 (1990). "If there is any reasonable doubt whether legislative power exists, that doubt must be resolved against the local governing body." <u>Id.</u> at 79-80, 387 S.E.2d at 473.

Code § 15.1-491, the enabling legislation granting localities the power to enact zoning ordinances, sets forth a list of "matters" upon which localities may adopt "reasonable regulations and provisions." With respect to enforcement, § 15.1-491 provides that

> A zoning ordinance may include . . . reasonable regulations and provisions

>     \*    \*    \*    \*    \*    \*    \*

> (e) For the imposition of penalties upon conviction of any violation of the zoning ordinance. Any such violation shall be a misdemeanor punishable by a fine of not less than $10 nor more than $1,000.

Code § 15.1-491(e). Additionally, localities may enforce compliance with their zoning ordinances under Code § 15.1-491(d)

-5-

by seeking injunctions, abatements, or other appropriate legal actions or proceedings.  <u>See</u> Code § 15.1-499.

In addition to the criminal sanctions and other means of enforcement, Code § 15.1-499.1 provides that localities may "adopt an ordinance which establishes a uniform schedule of civil penalties for violations of specified provisions of the zoning ordinance."  Significantly, Code § 15.1-499.1 expressly provides that localities may impose civil sanctions for specified continuing violations on a day-to-day basis, but limits the total amount of liability in each case to $3,000:

> Each day during which the violation is found to have existed shall constitute a separate offense.  However, specified violations arising from the same operative set of facts shall not be charged more frequently than once in any ten-day period, and a series of specified violations arising from the same operative set of facts shall not result in civil penalties which exceed a total of $3,000.

<u>Id.</u>  Furthermore, Code § 15.1-499.1 requires localities to elect between pursuing civil sanctions or criminal prosecution for particular violations.

> Designation of a particular zoning ordinance violation for a civil penalty pursuant to this section shall be in lieu of criminal sanctions, and except for any violation resulting in injury to persons, <u>such designation shall preclude the prosecution of a violation as a criminal misdemeanor.</u>

<u>Id.</u> (emphasis added).

Under the Chesterfield County Zoning Code, according to the position taken by Chesterfield County, the County may prosecute

-6-

continuing zoning violations as separate misdemeanors and may impose fines up to $1000 for each day the violation continues. The Code contains no limitation upon the number of prosecutions the County can pursue or the cumulative amount of fines resulting from the prosecutions. Thus, the County argues that it may impose criminal sanctions for each day a violation exists, despite the Code's limitation on the frequency and cumulative amount of civil sanctions that may be imposed.

We hold that Code § 15.1-491(e) does not authorize a locality to adopt a zoning ordinance that makes each day's violation a separate misdemeanor. "[T]he primary objective of statutory construction is to ascertain and give effect to legislative intent. A related principle is that the plain, obvious, and rational meaning of a statute is always to be preferred to any curious, narrow or strained construction." Turner v. Commonwealth, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983).

Code § 15.1-491(e) is silent on the issue whether each day's violation may be considered a separate misdemeanor. Thus, before Chesterfield County may include such a provision, the power to punish criminally for each day's violation must be necessarily or fairly implied from the enabling legislation, or it must be an essential and indispensable provision necessary to the enforcement of zoning ordinances.

The General Assembly, in enacting Code § 15.1-491(e), did

not expressly grant to the locality the power to punish criminally each day's continuing violation of a zoning ordinance. We find that such power is neither necessarily implied by statute nor indispensable to the enforcement of a zoning code. In fact, by remaining silent on the issue of continuing criminal sanctions, while expressly authorizing civil sanctions for each day's violation, the Code evinces legislative intent to preclude treatment of each day's violation as a separate misdemeanor.

Moreover, to interpret Code § 15.1-491(e) to permit prosecution for each day's violation without limitation on the cumulative amount of fines would blur the distinction between Code §§ 15.1-491(e) and 15.1-499.1 and would render meaningless the $3,000 and ten-day limitations on civil penalties under Code § 15.1-499.1. See Shull v. Commonwealth, 16 Va. App. 667, 669, 431 S.E.2d 924, 925 (1993) (stating that a statute should not "be construed so that it leads to absurd results"), aff'd, 247 Va. 161, 440 S.E.2d 133 (1994). We will not imply a grant of power from the legislature's silence. We will not imply a grant of power to punish more severely and more frequently for a criminal violation than for civil penalties, which the legislature has expressly limited. Furthermore, it is not essential or indispensable to a locality's ability to enforce compliance with its zoning code that the locality have the authority to make each day's continued violation a criminal offense. By providing in Code § 15.1-499 that a locality may

-8-

"restrain[], correct[], or abate[] as the case may be [a violation] by injunction or other appropriate proceeding," the locality has a broad range of enforcement options, including injunctions with contempt power and the authority to recover the costs of the locality's abatement of the problem.  Thus, we hold that in enacting Code § 15.1-491(e), the General Assembly did not intend to grant localities the power to prosecute criminally a zoning violation for each day the violation exists.  See Granny's Cottage, Inc. v. Town of Occoquan, 3 Va. App. 577, 583, 352 S.E.2d 10, 14 (1987).

Accordingly, because Code § 15.1-491(e) does not grant localities such power, that provision of § 21.1-5(b)(1) of the Chesterfield County Code violates Dillon's Rule and is void. Because Lawless had previously been convicted on these same facts for a violation under § 21.1-5(b)(1), Lawless's conviction is reversed and dismissed.

Reversed and dismissed.