Present: Carrico, C.J., Compton, Lacy, Hassell, Keenan, and
Koontz, JJ., and Whiting, Senior Justice

CITY OF CHESAPEAKE

v. Record No. 961142     OPINION BY JUSTICE BARBARA MILANO KEENAN
                                    February 28, 1997
GARDNER ENTERPRISES, INC., ETC.

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Robert S. Wahab, Jr., Judge Designate


In this appeal, we consider the validity of a local zoning
ordinance prohibiting the construction of additional buildings or
structures to support a nonconforming use.[*]

The facts in this appeal are not in dispute. Gardner
Enterprises, Inc., t/a Greenlawn Memorial Gardens (Greenlawn),
owns a 47-acre parcel of land in the City of Chesapeake. The
property has been in continuous use as a cemetery since 1953. In
1969, the City adopted a zoning ordinance designating cemeteries
as a conditional use in the zoning district where Greenlawn is
located. This zoning restriction remains in effect under the
present zoning ordinance.

Greenlawn has operated the cemetery as a nonconforming use
since 1969. In 1973, 1975, 1988, and 1990, Greenlawn received
building permits for the construction of mausoleums on the
property without obtaining a conditional use permit. During this

---

[*]A "nonconforming use" is "a lawful use existing on the
effective date of the zoning restriction and continuing since
that time in non-conformance to the ordinance." Knowlton v.
Browning-Ferris Indus. of Va., 220 Va. 571, 572 n.1, 260 S.E.2d
232, 234 n.1 (1979).

time period, the zoning ordinance did not prohibit the construction of additional structures to support a nonconforming use.

In 1993, the City adopted a comprehensive amendment to its zoning ordinance. Section 15-104.B of the amended ordinance provides:

A building containing a lawful nonconforming use shall not be enlarged, extended, reconstructed or moved, except in changing the use of the building or structure to one which is permitted or for which a conditional use permit has been granted; in addition, no additional buildings or structures may be constructed to carry out or support the nonconforming use on the site. [Emphasis added.]

In 1995, Greenlawn requested a building permit for the construction of an additional mausoleum. The zoning administrator denied the application, finding that the ordinance expressly prohibited the construction of new buildings or structures to support a nonconforming use, and that Greenlawn was required to obtain a conditional use permit before any additional building permits could be issued. The Board of Zoning Appeals upheld the zoning administrator's decision.

Greenlawn filed a motion for declaratory judgment in the trial court, requesting the court to rule that § 15-104.B directly conflicts with Code § 15.1-492 and therefore is void. The trial court declared § 15-104.B invalid, holding that this section prohibits additional structures on nonconforming uses of land, while Code § 15.1-492 only authorizes limitations on nonconforming uses of buildings or structures.

On appeal, the City contends that the trial court failed to construe Code § 15.1-492 in a rational manner consistent with legislative intent.  The City argues that the trial court made an invalid distinction between uses of land and uses of buildings or structures.  The City asserts that § 15-104.B of the zoning ordinance does not exceed the authority granted by Code § 15.1-492, because the statute implicitly authorizes local governments to adopt zoning regulations prohibiting the construction of new structures supporting nonconforming land uses.

In response, Greenlawn alleges that Code § 15.1-492 only grants local governing bodies the authority to prohibit the structural alteration of a nonconforming building and the structural alteration of a building housing a nonconforming use. Greenlawn contends that the City lacks statutory authority to prohibit the construction of additional buildings to support a nonconforming land use as long as the character of the land use does not change.  We disagree with Greenlawn.

The Dillon Rule of strict construction controls our determination of the powers of local governing bodies.  This rule provides that municipal corporations have only those powers that are expressly granted, those necessarily or fairly implied from expressly granted powers, and those that are essential and indispensable.  Ticonderoga Farms v. County of Loudoun, 242 Va. 170, 173-74, 409 S.E.2d 446, 448 (1991); City of Richmond v. Confrere Club of Richmond, 239 Va. 77, 79, 387 S.E.2d 471, 473

- 3 -

(1990).  When a local ordinance exceeds the scope of this authority, the ordinance is invalid.  See City of Richmond, 239 Va. at 80, 387 S.E.2d at 473; Tabler v. Board of Supervisors, 221 Va. 200, 204, 269 S.E.2d 358, 361 (1980).  Thus, we must determine whether the authority to prohibit the construction of additional buildings to support a nonconforming use is expressly granted or necessarily implied from the powers granted to local governing bodies in Code § 15.1-492.

> Code § 15.1-492 provides that:
> Nothing in this article shall be construed to authorize the impairment of any vested right, except that a zoning ordinance may provide that land, buildings, and structures and the uses thereof which do not conform to the zoning prescribed for the district in which they are situated may be continued only so long as the then existing or a more restricted use continues and such use is not discontinued for more than two years, and so long as the buildings or structures are maintained in their then structural condition; and that the uses of such buildings or structures shall conform to such regulations whenever they are enlarged, extended, reconstructed or structurally altered and may further provide that no "nonconforming" building or structure may be moved on the same lot or to any other lot which is not properly zoned to permit such "nonconforming" use.  [Emphasis added.]

The plain language of Code § 15.1-492 applies to (1) nonconforming land uses, including buildings and structures supporting those uses; and (2) nonconforming buildings and structures.  This section allows local governments to limit a nonconforming land use, or a nonconforming building or structure, to its existing use or to a more restricted use.  Included in this authority is the power to require that "the buildings or

- 4 -

structures are maintained in their then structural condition."
When a property owner wishes to make certain changes to, or to
move, a building or structure which supports a nonconforming use
or is itself nonconforming, the proposed changes are subject to
the regulations of the zoning ordinance.

However, Code § 15.1-492 does not expressly address the
construction of additional facilities to support a nonconforming
use. Under Dillon's Rule, therefore, we must determine whether
the power to prohibit such construction is necessarily or fairly
implied from the powers expressly granted by the statute. See
Ticonderoga Farms, 242 Va. at 173-74, 409 S.E.2d at 448; City of
Richmond, 239 Va. at 79, 387 S.E.2d at 473.

We look to the purpose and objective of Code § 15.1-492 in
considering whether this authority necessarily is implied from
the powers expressly granted by the statute. Gordon v. Fairfax
County, 207 Va. 827, 833, 153 S.E.2d 270, 275 (1967). The
statute must be given a rational interpretation consistent with
its purposes, and not one which will substantially defeat its
objectives. Mayor v. Industrial Dev. Auth., 221 Va. 865, 869,
275 S.E.2d 888, 890 (1981); Norfolk Southern Ry. Co. v. Lassiter,
193 Va. 360, 364, 68 S.E.2d 641, 643 (1952).

The purpose of statutes such as Code § 15.1-492 is to
preserve rights in existing lawful buildings and uses of land,
subject to the rule that public policy opposes the extension and
favors the elimination of nonconforming uses. See 8A Eugene

McQuillin, Municipal Corporations § 25.184 (3d ed. 1994).
Nonconforming uses are not favored in the law because they
detract from the effectiveness of a comprehensive zoning plan.
See, e.g., Annotation, Construction of New Building or Structure
on Premises Devoted to Nonconforming Use as Violation of Zoning
Ordinance, 10 A.L.R.4th 1122, § 2[a] (1981).

Code § 15.1–492 expressly grants local governments the power
to regulate existing structures.  Implicit in such power is the
authority to regulate new construction.  This power necessarily
is implied from the statutory language protecting nonconforming
uses only "so long as the buildings or structures are maintained
in their then structural condition."

To interpret the statute otherwise would allow a property
owner to build additional structures in support of a
nonconforming use, but would prohibit that owner from enlarging,
reconstructing, moving, or repairing an existing building or
structure on the same property.  Under such an interpretation,
Greenlawn would be required to obtain a conditional use permit to
enlarge, extend, move, or reconstruct an existing mausoleum, but
could construct any number of additional mausoleums on the
property without obtaining a conditional use permit.

Such an interpretation would thwart the legislative
objective of granting local governments the authority to regulate
changes pertaining to nonconforming uses.  In contrast, the
interpretation we adopt permits local governments to regulate

such changes, while preserving the property owner's vested right to conduct the nonconforming use.

We disagree with Greenlawn that Knowlton v. Browning-Ferris Industries of Virginia, 220 Va. 571, 260 S.E.2d 232 (1979), requires a different result. In Knowlton, Fairfax County alleged that the defendants were no longer maintaining a valid nonconforming use, because the hog raising and general trucking operation conducted when the County was initially zoned had developed into a specialized refuse collection and disposal business. Id. at 576, 260 S.E.2d at 237.

In holding that the character of the use had changed, we recognized that a nonconforming use need not remain static, and that an increase in size or scope of the use is merely one circumstance relevant to a determination whether the character of the use has changed. Id. These principles, however, are not at issue here because the City does not contend that Greenlawn seeks to change the character of its nonconforming use. Instead, as stated above, the issue is whether a municipality has the power, necessarily implied from Code § 15.1-492, to prohibit the construction of additional buildings supporting a nonconforming use.

We also conclude that Greenlawn's reliance on Board of Supervisors v. Trollingwood Partnership, 248 Va. 112, 445 S.E.2d 151 (1994), is misplaced. The issue presented there was whether a property owner's site plans for earlier phases of a development

were sufficient to create a vested property right permitting the property owner to expand its development of the nonconforming use to an additional land area for which no site plans had been approved.  We held that the site plans for the earlier phases were insufficient to give the property owner a vested right in developing the additional area of the property.  Id. at 115, 445 S.E.2d at 152-53.

We reject Greenlawn's assertion that this holding protects the expansion of any nonconforming use that has not increased in land area or changed in character.  Those issues were not addressed in Trollingwood and are not supported by its holding.

For these reasons, we will reverse the trial court's judgment and enter final judgment in favor of the City.

Reversed and final judgment.