[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 22, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-10938
Non-Argument Calendar

_____

D. C. Docket No. 03-00671-CV-1-CG

JOHN HANES,

Plaintiff-Counter
Defendant-Appellant,

versus

GREYHOUND LINES, INC.,

Defendant-Appellee,

JAMES DUNCAN,

Defendant-Counter
Claimant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(January 22, 2008)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

John Hanes appeals the district court's denial of his renewed Rule 50 motion for judgment as a matter of law and alternative Rule 59 motion for new trial. First, he claims the district court should have granted his Rule 50 motion because, as a matter of law, (1) Appellee James Duncan committed assault and battery against him and did not act in self defense, (2) Appellee Greyhound, a common carrier, is strictly liable for Duncan's torts, and (3) Greyhound is liable to Hanes due to its spoliation of evidence. Second, Hanes contends his Rule 59 motion should have been granted because the district court erred in excluding two pieces of evidence and denying his Rule 15(b) motion to amend his complaint to assert a negligent hiring claim against Greyhound.

## I. DENIAL OF RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW

We review the district court's denial of a Rule 50 motion *de novo*. *Chaney v. City of Orlando*, 483 F.3d 1221, 1227 (11th Cir. 2007). In considering a motion for judgment as a matter of law, we must determine "whether the facts and inferences point so overwhelmingly in favor of the movant . . . that reasonable people could not arrive at a contrary verdict." *Roboserve, Ltd. v. Tom's Foods, Inc.*, 940 F.2d 1441, 1448 (11th Cir. 1991). We must view the evidence in the light most favorable to the non-moving party. *Daniel v. City of Tampa,* 38 F.3d

546, 549 (11th Cir. 1994).

After carefully reviewing the record and the district court's order, we conclude the district court did not err in denying Hanes' Rule 50 motion. The facts were hotly contested in this case, and over the course of the five-day trial, conflicting accounts of the incident in question were presented to the jury. Appellees put forth sufficient evidence to create a jury issue as to whether Duncan assaulted and battered Hanes or acted in self-defense. Viewed in the light most favorable to Duncan and Greyhound, the evidence at trial included testimony that Hanes cursed and used a racial slur against Duncan, approached Duncan, and spat in his face. Duncan testified he felt threatened and hit Hanes to defend himself. There was substantial evidence presented to the jury to support its concluding Duncan acted in self-defense, and the district court was correct to refrain from substituting its judgment for that of the jury.

Hanes is also not entitled to judgment as a matter of law based on Greyhound's purported common carrier liability. As a common carrier, Greyhound is liable for an assault and/or battery committed by one of its employees. *Birmingham Ry. & Elec. Co. v. Baird*, 30 So. 456, 459 (Ala. 1901). However, an employee of a common carrier has the right to defend himself. *Id.* at 461. The jury found Duncan acted in self-defense when he hit Hanes, and this

finding was supported by substantial evidence. Greyhound cannot bear liability as common carrier when the jury found Duncan acted in self-defense.

Similarly, Greyhound's alleged spoliation of evidence does not entitle Hanes to judgment as a matter of law. Hanes claims spoliation carries with it a presumption the destroyed evidence would have established liability on the part of Greyhound, and this presumption, coupled with the facts of the case, should have led the district court to grant his Rule 50 motion. At Hanes' request, the court instructed the jury it could infer liability on Greyhound's part if it felt the evidence supported the conclusion Greyhound had wrongfully destroyed evidence. Apparently, the jury felt either the evidence did not support Hanes' allegations of spoliation or the inference of Greyhound's liability was overcome by the other evidence presented at trial. Either way, the jury's determination should not be overturned. The district court did not err in denying Hanes' Rule 50 motion.

## II. DENIAL OF RULE 59 MOTION FOR NEW TRIAL

The district court denied Hanes' Rule 59 motion on two grounds. First, the court determined it did not err in its evidentiary rulings, and to the extent there was error, it was harmless. Second, the court found Hanes' challenge to its denial of his Rule 15(b) motion was not a basis for granting him a new trial, since whether to allow a party to amend his pleadings is discretionary. We review the

4

district court's denial of a Rule 59 motion for abuse of discretion. *Ard v. Sw. Forest Indus.*, 849 F.2d 517, 520 (11th Cir. 1988). Our review of the record and the district court's order leads us to conclude the district court did not err in denying Hanes' motion.

The evidentiary rulings in question involve an accident report prepared by Greyhound manager Matthew Hoffman (Plaintiff's Exhibit 31) and Greyhound Driver Manager Travis Lakin's written memorialization of the termination meeting he had with Duncan after the incident (Plaintiff's Exhibit 37). The district court excluded both of these documents on hearsay grounds. This determination was within the district court's discretion. Even if the court erred in its determination, any error was clearly harmless. The information in the documents was cumulative, as the authors of both documents testified at trial about what they observed and wrote. Thus, the district court did not abuse its discretion in denying Hanes' new trial motion based on the alleged evidentiary errors.

As to the Rule 15(b) motion, the decision whether to allow the amendment of pleadings at the conclusion of a trial is within the discretion of the trial court. *Borden, Inc. v. Fla. E. Coast Ry. Co.*, 772 F.2d 750, 758 (11th Cir. 1985). However, if an issue is tried by express or implied consent of the parties, it shall be treated as if it had been raised in the pleadings. *Id.* At the close of all

5

evidence, Hanes sought to amend his pleadings to include a negligent hiring claim. Greyhound objected to Hanes' proposed amendment, arguing the amendment would be prejudicial, since Greyhound did not have an opportunity to explore the claim through discovery. While Hanes did introduce through direct examination of Duncan evidence that Duncan had been terminated from previous employment, the record does not establish Greyhound consented to the negligent hiring claim being tried. Thus, the district court acted within its discretion in concluding Hanes' challenge to the denial of his Rule 15(b) motion did not warrant a new trial.

AFFIRMED.